Mary FINISTER, Plaintiff/Appellee,

v.

HUMBOLDT GENERAL HOSPITAL, INC., Appellant/Defendant

and

State of Tennessee, Intervenor/Appellee.

Supreme Court of Tennessee,
at Jackson.

May 26, 1998.

R. Dale Thomas, Timothy G. Wehner, Rainey, Kizer, Butler, Reviere & Bell, P.L.C., Jackson, for Defendant/Appellant.

T.J. Emison, Jr., Alamo, for Plaintiff/Appellee.

John Knox Walkup, Attorney General and Reporter, Sandra E. Keith, Assistant Attorney General, Nashville, for Intervenor/Appellee.

## OPINION

DROWOTA, Justice.

We granted this interlocutory appeal to determine whether the defendant, a subsid-

iary of a quasi-municipal corporation, is exempt from the Workers' Compensation Act pursuant to Tenn.Code Ann. § 50–6–106(5) (1991 Repl. & Supp.1997). For the reasons herein explained, we conclude that the statutory exemption applies. Accordingly, we reverse the judgment of the Chancellor and enter summary judgment in favor of the defendant, Humboldt General Hospital, Inc.

### PROCEDURAL BACKGROUND

On September 12, 1995, the plaintiff, Mary Finister, filed suit seeking workers' compensation benefits for an alleged work-related back injury she sustained in October of 1994 while employed by the defendant, Humboldt General Hospital, Inc.,[1] a public benefit, non-profit corporation operating as a hospital in Humboldt, Gibson County, Tennessee.

Humboldt General moved for summary judgment claiming an exemption from the Tennessee Workers' Compensation Act pursuant to Tenn.Code Ann. § 50–6–106(5) (1991 & Supp.1997), which states that "[t]he Workers' Compensation Act shall not apply to . . . [t]he state of Tennessee, counties thereof and municipal corporations."

In support of its motion, Humboldt General presented affidavits and documentary proof to establish that by passage of Chapter 686 of the Private Acts of 1949, the General Assembly created the non-profit Jackson–Madison County General Hospital District.[2] In 1991, the Hospital District organized Humboldt General as a non-profit, public benefit corporation. Humboldt General's charter listed the Hospital District as the sole member of the corporation. The General Assembly amended Chapter 686, the charter legislation of the Hospital District, by passage of Private Chapter 165, in 1992, which in pertinent part provides as follows:

> The mission and purpose of the Jackson–Madison County General Hospital District shall be for the benefit of the City of Jackson, Tennessee and Madison County, Tennessee, to provide, on a fee-for-service basis with due regard for the needs of low-income and indigent patients, the full range of health care (including mental health), illness prevention and allied and incidental services and operations. *Each non-profit corporation of which such hospital district is the sole member, existing when this amendment becomes law or thereafter created, shall be deemed a subsidiary entity of such hospital district created by this act* and shall be a governmental entity for purposes of the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated, Title 29, Chapter 20.

(Emphasis added.)

Based upon that proof, Humboldt General asserted that the Hospital District is a "municipal corporation" within the statutory exemption. Humboldt General argued that it is a subsidiary of the exempt Hospital District and as a result, it is also exempt from the Workers Compensation Laws. In response, the plaintiff argued that neither the Hospital District nor Humboldt General are exempt, and the plaintiff also challenged the constitutionality of Chapter 165 which designated Humboldt General a subsidiary of the Hospital District. The Attorney General intervened to defend the constitutionality of the Private Act.

Following a hearing, the Chancellor denied Humboldt General's motion for summary judgment, and therefore did not address the constitutionality of Chapter 165. Thereafter, the Chancellor granted Humboldt General permission to seek interlocutory appellate review of the denial of its motion for summary judgment pursuant to Rule 9, Tenn.R.App.P. This Court also granted the interlocutory appeal, and for the reasons that follow, now reverse the judgment of the trial court and enter summary judgment in favor of Humboldt General.

### SUMMARY JUDGMENT

The standards governing an appellate court's review of a summary judgment motion are well settled. Our inquiry involves purely a question of law; therefore, we review the record without a presumption of correctness to determine whether the ab-

---

1. Hereinafter referred to as "Humboldt General."

2. Hereinafter referred to as "Hospital District."

sence of genuine and material factual issues entitle the movant to judgment as a matter of law. *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn.1997); *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn.1997); *McClung v. Delta Square Ltd. Partnership,* 937 S.W.2d 891, 894 (Tenn.1996); *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn.1993); Tenn.R.Civ.P. 56.03. The movant must either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense. *Robinson,* 952 S.W.2d at 426; *Byrd,* 847 S.W.2d at 215, n. 5. Mere conclusory assertions that the non-movant has no evidence are insufficient. *Id.* If the movant does not negate a claimed basis for the suit, the non-movant's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *Id.* If, however, the movant successfully negates a claimed basis for the suit, the non-movant may no longer simply rely upon the pleadings, but must then establish the existence of the essential elements of the claim or the non-existence of the defense. *Id.*

Although the standards are strict, in this case summary judgment is appropriate. Humboldt General submitted proof to establish that it is exempt from the provisions of the Workers' Compensation Act—an affirmative defense to this action. The plaintiff did not offer countervailing factual evidence to negate the defense. Accordingly, Humboldt General is entitled to summary judgment.

### STATUTORY EXEMPTION

We begin our analysis of this appeal with the language of the statutory exemption upon which Humboldt General relies, which, in relevant part provides as follows:

The Workers' Compensation Law shall not apply to:

\* \* \*

(5) The state of Tennessee, counties thereof and municipal corporations; provided, that the state, any county or municipal corporation may accept the provisions of this chapter by filing written notice thereof with the division under the commissioner of labor, at least thirty (30) days before the happening of any accident or death, and may at any time withdraw the acceptance by giving like notice of the withdrawal. The state, any county or municipal corporation may accept the provisions of this chapter as to any department or division of the state, county or municipal corporation by filing written notice thereof with the division under the commissioner of labor at least thirty (30) days before the happening of any accident or death and may, at any time, withdraw acceptance for the division or department by giving like notice of the withdrawal, and such acceptance by the state, county or municipal corporation for any department or division thereof, shall have effect only of making the department or division designated subject to the terms of this chapter....

Tenn.Code Ann. § 50–6–106(5) (1991 Repl. & Supp.1997).

This Court previously has held that a Hospital Authority is a subdivision of the State and County, within the meaning of the above-quoted statutory provision, and as such, is exempt from the Workers' Compensation Act. *Johnson v. Chattanooga–Hamilton County Hospital Authority,* 749 S.W.2d 36 (Tenn.1988). In so holding, we noted that the General Assembly, by passage of a Private Act, had "created and established" the Hospital Authority "for and on behalf of Hamilton County, Tennessee, for the purpose of performing a governmental function...." *Johnson,* 749 S.W.2d at 37. The Private Act described the Hospital Authority as a public non-profit corporation and declared it to be "a public instrumentality acting on behalf of the county...." *Id.* After considering those specific provisions of the Private Act creating the Hospital Authority at issue in *Johnson,* this Court stated:

It is our conclusion that the quoted sections of the charter legislation clearly indicate that this authority is such a subdivision of the state and county as is contemplated by the exemption provision of T.C.A. Sec. 50–6–106(5) hereinabove quoted. As such, it is freed of the obligations imposed by the workers' compensation laws of this State and its employ-

ees cannot acquire any rights under those laws unless and until the authority decides to elect to operate under the workers' compensation laws as provided by said paragraph 5 of T.C.A. Sec. 50–6–106. We therefore affirm the decision of the chancellor dismissing the plaintiff's complaint on the ground that the defendant is exempt from the workers' compensation laws of this State.

*Johnson,* 749 S.W.2d at 37. Therefore, in *Johnson,* we concluded that a legislatively created non-profit Hospital District which acts on behalf of a governmental entity and which performs a governmental function is a "municipal corporation" within the meaning of the statutory exemption provision.

■ Though we did not address, in *Johnson,* the question of whether the statutory exemption applies to a subsidiary of such an entity, the holding in that case mandates an affirmative answer to the inquiry. The statutory exemption provision expressly applies to a department or a division of the State, or county or municipal corporation. Such departments and divisions are exempt, unless the State or county or municipal corporation specifically elects to accept application of the Workers' Compensation Laws by filing a written notice with the Commissioner of Labor at least thirty days before a work-related accident or death occurs. In our view, a subsidiary of an exempt "quasi-municipal corporation" is comparable to a division or department of the State or county or municipal corporation. Accordingly, we hold that subsidiaries also are exempt from the Workers' Compensation Laws unless the quasi-municipal corporation elects to accept the provisions of the Act by filing written notice with the Commissioner of Labor in accordance with the statute.

■ Therefore, in determining whether or not summary judgment is appropriate, we must consider whether the undisputed facts establish both that the Hospital District is an exempt quasi-municipal corporation under *Johnson* and that Humboldt General is a subsidiary of the Hospital District.

The undisputed facts clearly establish that the Hospital District is an exempt quasi-municipal corporation. The provisions of Private Chapter 686 which established the Hospital District at issue in this appeal are remarkably similar to the charter legislation at issue in *Johnson.* Here, as in *Johnson,* the non-profit Hospital District was "created and established for and in behalf of" two governmental entities, the City of Jackson and Madison County. According to Chapter 165, enacted in 1992, the "mission and purpose" of the Hospital District is "for the benefit of" those same two governmental entities. In addition, the members of the Hospital District's governing Board of Trustees receive no compensation for their service and are selected by City and County officials. Finally, under Chapter 686, public funds from the City of Jackson and Madison County may be used to finance the Hospital District, and officials may levy a tax if necessary to obtain the funding. Though the Hospital District in this case was not explicitly labeled a "public instrumentality," considering the provisions of Chapter 686 as a whole, it is clear that the non-profit Hospital District was intended to, and in fact does, act on behalf of and for the benefit of Madison County and the City of Jackson. As such, the Hospital District constitutes a municipal corporation within the terms of the statutory exemption provision and is not subject to the obligations imposed by the Workers' Compensation Laws of this State unless and until the Hospital District elects to abide by the provisions of the Act. Having so decided, we must next determine whether Humboldt General is exempt as a subsidiary of the Hospital District.

■ As previously stated, Humboldt General is a public benefit, non-profit corporation which the Hospital District organized in 1991. In 1992, when Chapter 165 was enacted, Humboldt General was an existing non-profit corporation which had as its sole member the Hospital District. Those undisputed facts establish that it is a subsidiary of the Hospital District pursuant to the terms of Chapter 165.

Moreover, the undisputed terms of its corporate charter also establish Humboldt General's status as a subsidiary of the Hospital District. Humboldt General is expressly empowered to furnish affordable and more accessible health care and services to the citizens of the City of Jackson and Madison

County as "a governmental instrumentality for the exclusive benefit of the Jackson–Madison County Hospital District." The Board of Trustees for the Hospital District also serves as the Board of Trustees for Humboldt General. As previously stated, the members of that Board are selected by County and City officials and are not compensated for their service. No part of Humboldt General's net earnings inure to the benefit of any private individual or entity. Upon dissolution, any net assets of Humboldt General are to be distributed "to the Jackson–Madison County General Hospital District for "public purposes," or, if it is not in existence, to the City of Jackson and Madison County, "in equal proportions, ... exclusively for public purposes."

Therefore, by the terms of both Chapter 165[3] and its corporate charter, Humboldt General is a subsidiary of the Hospital District, an exempt, quasi-municipal corporation. The plaintiff offered no countervailing proof to establish that the Hospital District had filed a written notice with the Commissioner of Labor electing to accept the Act. Consequently, from the undisputed facts it is clear that Humboldt General is exempt from the provisions of the Workers' Compensation Laws and entitled to summary judgment in this action.

## CONCLUSION

Having determined from the undisputed facts that the defendant is exempt from the Workers' Compensation Laws as a result of its status as a subsidiary of an exempt quasi-municipal corporation, we reverse the judgment of the Chancellor and enter summary judgment in favor of Humboldt General Hospital, Inc.

ANDERSON, C.J. and BIRCH and HOLDER, JJ. concur.

---

3. Though the plaintiff asserts that Chapter 165 is unconstitutional under Article XI, Section 8 of the Tennessee Constitution which prohibits the General Assembly from suspending the general law or passing any law inconsistent with the general law for the benefit of any individual, the plaintiff does not identify any general law of mandatory state-wide application which is contravened by Chapter 165. Accordingly, the plaintiff's argument is without merit. *See Knox County, ex. rel. Kessel v. Lenoir City,* 837 S.W.2d 382, 387 (Tenn.1992).