IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2007 Session

# CHRISTINA R. BRITT, ET AL. V. MAURY COUNTY BOARD OF EDUCATION, ET AL.

Appeal from the Circuit Court for Maury County
No. 10992      Stella L. Hargrove, Judge

No. M2006-01921-COA-R3-CV - Filed September 29, 2008

The trial court granted the Board of Education's Motion for Summary Judgment dismissing a cheerleader's two claims for personal injury under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et seq*.  We affirm the judgment as to the claim that the Board negligently hired the sponsor of the cheerleading squad.  Finding, however, that a genuine dispute of material fact exists as to the cheerleading squad sponsor's negligence, we reverse that portion of the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed in Part, Reversed in Part and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J. and ROBERT S. BRANDT, SP. J., joined.

Rocky McElhaney; Aubrey Givens, Nashville, Tennessee, for the appellants, Christina Britt, by next friend and mother, Caroline J. Dale, and Caroline J. Dale, individually.

James P. Catalano, Catherine E. Cunningham, Nashville, Tennessee, for the appellees, Maury County Board of Education and Maury County, Tennessee.

## OPINION

### I.  Facts

Christina Britt and her mother brought suit against the Maury County Board of Education ("Board") and Maury County, Tennessee under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101 *et al*. ("TGTLA"), seeking to recover for personal injuries she sustained while participating on her high school cheerleading squad.  According to her complaint, the Board was liable because the cheerleading squad sponsor hired by the board, Sherry Boshers, negligently supervised the squad.  In addition, Ms. Britt alleged that the Board was negligent in

hiring Ms. Boshers as the squad sponsor since she lacked "adequate qualifications and/or training" necessary to perform her duties as squad sponsor.

The Board filed a Motion for Summary Judgment[1] claiming first that the Board is immune under the TGTLA. According to the Board, since hiring Ms. Boshers was a discretionary act then the Board is immune under Tenn. Code Ann. §29-20-205(1). The trial court disagreed finding that the Board was not immune under the TGTLA and could be sued for negligent hiring of Ms. Boshers. This ruling was not appealed and is not the subject of review on appeal. Alternatively, the Board argued that there were no disputed issues of material fact regarding Ms. Britt's two negligence claims and the Board was entitled to summary judgment.

The following facts were not in dispute for the purposes of summary judgment. In September of 2003, while a freshman at Mount Pleasant High School ("High School"), Ms. Britt was on the cheerleading squad. Ms. Boshers, an employee in the cafeteria, was the sponsor of the cheerleading squad. The principal of the High School, Mr. Weaver, had selected Ms. Boshers to be the cheerleading squad sponsor. The Board ratified Ms. Boshers' appointment. It is not disputed that while acting as the squad sponsor, Ms. Boshers was acting within the scope of her employment with the Board.

On September 26, 2003, the High School was holding a pep rally before a home football game. Ms. Boshers left to attend to other duties while the cheerleading squad was involved in warm up exercises before the pep rally. While the squad was performing a maneuver called a "basket toss," Ms. Britt was tossed over the spotter's head and broke her right arm as she landed.

The trial court granted the Board's request for summary judgment on the following grounds:

The Court finds however, that from the record before her that there are no genuine issues of material fact for trial and that Defendant is entitled to judgment as a matter of law. Specifically the Court finds as follows:

There are no genuine issues of material fact that Ms. Boshers was negligent, and that any negligence was thus imputed to Defendant under *respondeat superior*. There are no genuine issues of material fact to show that Defendant was negligent in the hiring and retention of Ms. Boshers.

From the undisputed facts and inferences drawn from those facts, there are no genuine issues of material fact to show an act or omission that is a legal cause of Plaintiff's injury. There are no genuine issues of material fact to show that Plaintiff's unfortunate injury, which resulted from an unauthorized activity on her part, was

---

[1]Although Maury County was named as a defendant, the record does not indicate that it filed for dismissal or was granted summary judgment. The order granting summary judgment gave judgment only for the Board and did not include the county. It does not appear that the county has answered or otherwise appeared.

foreseeable. The Court finds that reasonable minds cannot differ in finding that the acts or omissions of Defendant were neither the cause in fact, the proximate cause, nor the legal cause of Plaintiff's injury.

## II. Standard of Review

In order to meet the requirements for summary judgment, a defendant moving for summary judgment in its filings supporting the motion must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *Cumulus Broadcasting, Inc. v. Shim*, 226 S.W.3d 366, 373 (Tenn. 2007); *Blair v. West Town Mall,* 130 S.W.3d 761, 763 (Tenn. 2004); *Staples v. CBL & Assoc. Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000). If the moving party fails to meet this burden, then the burden to come forward with probative evidence establishing the existence of a genuine issue for trial does not shift to the non-moving party, and the motion must be denied. *Cumulus Broadcasting*, 226 S.W.3d at 374; *Staples*, 15 S.W.3d at 88-89.

If, however, the moving party successfully negates a claimed basis for the action or establishes an affirmative defense, the non-moving party may not simply rest upon the pleadings. *Staples*, 15 S.W.3d at 89. In that situation, the non-moving party has the burden of pointing out, rehabilitating, or providing new evidence to create a factual dispute as to the material element in dispute. *Staples*, 15 S.W.3d at 89; *Rains v. Bend of the River*, 124 S.W.3d 580, 587-88 (Tenn. Ct. App. 2003).

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Cumulus Broadcasting*, 226 S.W.3d at 373; *BellSouth Advertising & Publishing Co. v. Johnson,* 100 S.W.3d 202, 205 (Tenn. 2003); *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 285 (Tenn. 2001). We review the summary judgment decision as a question of law. *Finister v. Humboldt Gen. Hosp., Inc.*, 970 S.W.2d 435, 437 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). Accordingly, this court must review the record *de novo* and make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been met. *Eadie v. Complete Co., Inc.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair*, 130 S.W.3d at 763; *Staples*, 15 S.W.3d at 88.

The requirements for the grant of summary judgment are that the filings supporting the motion show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Blair*, 130 S.W.3d at 764; *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). Consequently, summary judgment should be granted only when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion - that the party seeking the summary judgment is entitled to a judgment as a matter of law. *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001); *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66 (Tenn. 2001); *Staples*, 15 S.W.3d at 88.

In our review, we must consider the evidence presented at the summary judgment stage in the light most favorable to the non-moving party, and we must afford that party all reasonable inferences. *Doe v. HCA Health Servs., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001); *Memphis Hous. Auth. v. Thompson*, 38 S.W.3d 504, 507 (Tenn. 2001), *cert. den.*, 534 U.S. 823 (2001). We must determine first whether factual disputes exist and, if so, whether the disputed fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd*, 847 S.W.2d at 214; *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998). "[I]f there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied." *Byrd*, 847 S.W.2d at 211.

## III. ANALYSIS

Ms. Britt is attempting to recover from the Board for injuries she sustained arising from the Board's negligent hiring of Ms. Boshers and Ms. Boshers' negligent performance of her duties as the cheerleading squad sponsor. The elements of a negligence cause of action are well known. A negligence cause of action has been distilled down to five necessary ingredients: (1) a legally recognized duty owed by the defendant to the plaintiff, (2) the defendant's breach of that duty, (3) an injury or loss, (4) causation in fact, and (5) legal cause. *Draper v. Westerfield*, 181 S.W.3d 283, 290 (Tenn. 2005); *Biscan v. Brown*, 160 S.W.3d 462, 478 (Tenn. 2005); *Foster v. Bue*, 749 S.W.2d 736, 741 (Tenn. 1988). We will examine Ms. Britt's two claims separately to determine whether the trial court erred in granting the Board's request for summary judgment.

## A. Board's Negligent Hiring

The Board moved for summary judgment arguing that under the undisputed facts, the Board's hiring and retention of Ms. Boshers was not negligent. Ms. Boshers testified in her deposition that she has been the cheerleading sponsor since May of 2001. Since that time, Ms. Boshers has attended cheerleading camps with the squad each summer, received assistance from the former cheerleader sponsor, and kept an updated manual on cheerleading rules and regulations. These cheerleading camps were held by a recognized cheerleading association hired by the Board. The cheerleading association also published the manual on cheerleading rules and regulations. Ms. Boshers' daughters were involved in cheerleading, and she had also been involved in other cheerleading activities in the years before becoming the cheerleading sponsor.

Ms. Britt offered the affidavit of Jerry Williams on the issue of negligent hiring. Mr. Williams has a masters degree, is a licensed teacher, holds various education certifications, served as teacher, assistant principal, and principal and served on the legislative counsel of the Tennessee Secondary Schools' Athletics Association ("TSSAA"). He states that he is familiar with the standard of care in Tennessee in hiring high school cheerleading sponsors. According to the opinion of Mr. Williams, hiring Ms. Boshers was a negligent act because she was not a certified teacher. Mr. Williams testified that a certified teacher would not have left the squad right before a pep rally. Also, Mr. Williams said a cheerleading sponsor should have experience either as a cheerleader or

as a coach. According to Mr. Williams' affidavit, he understands Ms. Boshers' "only experience with cheerleading at all" was through her daughters who were cheerleaders and she "basically had no experience or qualifications whatsoever for the cheerleader sponsor position."

Mr. Williams' affidavit, however, does not create issues of fact on whether the Board negligently hired Ms. Boshers. He gives his opinion that a certified teacher would not have left the squad unsupervised before the pep rally, but this opinion is speculative at best, since he provides no explanation of any training for teachers, or any other fact, that would lead to this conclusion. He does not say that allowing an uncertified teacher to act as cheerleading sponsor violates the standard of care in Tennessee.

His opinion on Ms. Boshers' credentials as a cheerleading squad sponsor rests upon his understanding of her experience, *i.e.*, he bases his opinion on the fact that Ms. Boshers had no "experience or qualifications whatsoever." Accepting that factual premise as true, there has been no evidence put forth that would establish a causal connection between Ms. Boshers' experience, or lack thereof, at the time of hiring, and the accident that is the basis for the this action. The uncontradicted proof is that at the time of the accident at issue Ms. Boshers had been the cheerleading sponsor for two and one-half years and had dutifully attended cheerleading camps for this period and obtained training and assistance from those camps, manuals, and others. Thus, the Board came forward with proof of Ms. Boshers' experience at the time of the accident, and Ms. Britt failed to provide proof that this experience was inadequate or fell below any established standard of care.

Mr. Williams' affidavit does not establish widely recognized standards or qualifications for cheerleading sponsors. It does not explain why certification as a teacher is a valid requisite for the position. Many schools and school systems must rely on part-time "sponsors" in order to provide extracurricular opportunities for their students. Ms. Britt has failed to show that the hiring of Ms. Boshers fell below any recognized standard of care or that, even if it did, there was any causal connection to the accident. Consequently, the trial court's grant of summary judgment to the Board dismissing the allegation of negligent hiring is affirmed.

## B. Board's Responsibility for Ms. Boshers' Negligence

The Board may be liable under the TGTLA for the negligent act of its employee. Tenn. Code Ann. § 29-20-205. The trial court found that there were no disputed issues of material fact as to whether Ms. Boshers acted negligently, and it granted the Board summary judgment on this issue as well.

All parties agree that Ms. Boshers had a "duty to use reasonable care to supervise the cheerleaders . . . to prevent unreasonable risk of injury."[2] The question is whether there is a genuine dispute of material fact whether Ms. Boshers used reasonable care in her supervision of the squad.

---

[2]The duty is thus described by the Board in its brief on appeal.

Upon review of the record we find that there are disputed issues of material fact regarding whether Ms. Boshers negligently supervised the squad. First, the parties dispute whether the squad was disobeying Ms. Boshers' instructions when it performed the basket toss that injured Ms. Britt. All parties agree, including Ms. Boshers, that the squad should not perform maneuvers like the "basket toss" unless the sponsor is present. Ms. Boshers testified that she told the squad not to perform stunts like the basket toss unless she was present to supervise. Ms. Britt, on the other hand, testified in her deposition that Ms. Boshers did not give those instructions. In spite of Ms. Britt's testimony to the contrary, the trial court, however, expressly found that the basket toss stunt was "unauthorized." Given that the question of whether Ms. Boshers had prohibited these stunts is key to the issue of adequate supervision and is disputed, summary judgment as to negligence by Ms. Boshers was not warranted.

Consequently, the trial court's grant of summary judgment to the Board holding that the Board is not liable under the TGTLA for Ms. Boshers' negligence is reversed since there remain disputed issues of material fact as to what happened and the degree of supervision exercised by Ms. Boshers.

The trial court judgment is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed equally between Christina Britt and the Maury County Board of Education for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE