IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 15, 2008 Session

## JAMES CONDRA and SABRA CONDRA v. BRADLEY COUNTY, TENNESSEE

**Direct Appeal from the Circuit Court for Bradley County**
**No. V02342H      Hon. John B. Hagler, Jr., Circuit Judge**

**No. E2007-01290-COA-R3-CV  - FILED JANUARY 28, 2009**

Plaintiffs brought this action against Bradley County, alleging the County was negligent in failing to properly maintain a defective, unsafe and dangerous condition at the intersection of two county roads, which caused an accident wherein plaintiffs were injured.  The County filed a Motion for Summary Judgment which the Trial Court granted on the grounds the County was immune.  On appeal, we hold the record before us does not support the Judgment granted by the Trial Court as a matter of law.  We reverse and remand for further proceedings.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, SP. J., joined.

John M. Wolfe, Jr., Chattanooga, Tennessee, for appellants, James and Sabra Condra.

Jeffrey M. Atherton, Chattanooga, Tennessee, for appellee, Bradley County, Tennessee.

### OPINION

Plaintiffs Complaint named John W. Sanders and Bradley County, Tennessee, ("the County") as defendants and alleged that plaintiffs' vehicle was traveling on Young Road and slid through the intersection with Trewitt Road, although the driver had applied the brakes.  Defendant's vehicle struck plaintiffs' vehicle, and plaintiffs averred Sanders was negligent in the operation of his

vehicle and that the County[1] was negligent in failing to properly maintain defective, unsafe and dangerous conditions on Young Road.

Numerous motions were filed, depositions taken, and the Trial Court, sustained the County's Motion for Summary Judgment based on the following:

1. Plaintiff had not retained an expert within the time period provided by the scheduling order.

2. The defense of governmental immunity was valid with regard to discretionary function as well as lack of prior notice of defect.

3. If the Court was in error as to immunity, there was no evidence that would support a finding of negligence on behalf of Bradley County.

The Condras ultimately voluntarily non-suited John Sanders, and appealed from the Summary Judgment granted the County. The issues raised on appeal are:

A. Did the Trial Court err when it granted summary judgment in favor of Bradley County based on the doctrine of sovereign immunity?

B. Did the Trial Court err when it granted summary judgment in favor of Bradley County when Bradley County did not affirmatively negate an essential element of plaintiffs' case?

C. Did the Trial Court err when it failed to order Bradley County to respond to the request for production of documents propounded by the plaintiffs?

D. Did the Trial Court err when it denied plaintiffs' Motion for a continuance to allow Mr. Condra to reach maximum medical improvement and to allow plaintiffs time to retain an expert?

E. Did the Trial Court err when it failed to grand Bradley County's Motion to Strike Plaintiffs' Motion to Alter or Amend?

Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.03; *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993). The Court reviews

---

[1]On appeal, Bradley County argues that because the complaint alleges negligence on the part of "Hamilton" County and not Bradley County, the appeal should be dismissed. However, the use of the word "Hamilton" was a one-time occurrence in the complaint and the complaint repeatedly references "Bradley" in the body of the pleading as well as the caption.

a summary judgment motion *de novo* as a question of law without a presumption of correctness. *Finister v. Humboldt General Hosp., Inc.*, 970 S.W.2d 435, 437 (Tenn. 1998). The evidence and all reasonable inferences are viewed in the light most favorable to the nonmoving party. *Byrd*, at 210-211. If both the facts and conclusions to be drawn from them permit a reasonable person to reach only one conclusion, summary judgment is appropriate. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997).

The first issue for consideration is whether the Trial Court correctly granted the County's Motion upon finding that "[t]he defense of governmental immunity was valid with regard to discretionary function as well as lack of prior notice of defect." Appellants argue that the conclusion was incorrect, because the County did not produce evidence that would establish that the maintenance of the road was a discretionary rather than an operational function. The County argues that it was plaintiffs' burden to produce evidence to defeat the Motion and in support of this position, the County relies on the seminal case governing federal summary judgment procedure from the United States Supreme Court, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986). In a plurality opinion in *Celotex,* the Supreme Court held that a moving party may shift the burden of production to a nonmoving party by alleging that "there is an absence of evidence to support the nonmoving party's case." *Hannan v. Alltel Publishing Co.,* No. E2006-013530SC-R11-CV, 2008 WL 4790535 (Tenn. Oct. 31, 2008)(citing *Celotex* at 325). The Sixth Circuit had interpreted *Celotex* to permit "the moving party to merely challenge the nonmoving party to 'put up or shut up' on a critical issue to shift the burden of production." *Hannan* at \*3 (citing *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir. 1989).

The County takes the position that the Tennessee Supreme Court in *Byrd* aligned itself with the federal interpretation of Rule 56 found in *Celotex*. The County, however, acknowledges that there is conflict over the issue between the Eastern and Middle Sections of this Court.

On October 31, 2008, after the parties' briefs were filed with this Court, the Tennessee Supreme Court affirmed the Eastern Section's opinion set forth in *Hannan v. Alltel Publishing Co.,* No. E2006-013530-SC-R11-CV, 2008 WL 4790535 (Tenn. Oct. 31, 2008)(Koch, J. dissenting) when it held that "[t]his Court did not adopt a 'put up or shut up' approach to burden-shifting in *Byrd* or in subsequent cases." *Hannan*, 2008 WL at \*4 and that the moving party's burden of production in Tennessee differs from the federal cases. *Id.* at \*6. The Court explained as follows:

> It is not enough for the moving party to challenge the nonmoving party to "put up or shut up" or even to cast doubt on a party's ability to prove an element at trial. Nor has our Court ever followed the standard . . . that the moving party may simply show that the nonmoving party "lacks evidence to prove an essential element of its claim." *See Blair [v. W. Town Mall],* 130 S.W.3d [761] at 768 [Tenn. 2004]; *Staples [v. CBL & Assocs., Inc.],* 15 S.W.3d [83] at 88 [Tenn. 2000]; *McCarley [v. W. Quality Food Serv.],* 960 S.W.2d [585] at 588 [Tenn. 1998]. This standard is identical to Justice

Brennan's standard which we rejected in *Byrd v. Byrd*, 847 S.W.2d at 215 n.5; *see Celotex*, 477 U.S. at 331 (Brennan, J., dissenting). . . . [I]n Tennessee, a moving party who seeks to shift the burden of production to the nonmoving party who bears the burden of proof at trial must either: (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial.

The Supreme Court concluded its opinion by stating that because the movant Alltel failed to negate an essential element of the Hannans' claim, in that case damages, or show that the Hannans could not prove an essential element of their claim, the burden never shifted to the Hannans to show that they could prove damages. *Id.* at *8.

The Condras assert in their complaint that "any immunity . . . claimed by Bradley County, Tennessee had been removed pursuant to T.C.A. § 29-20-203" because the County had actual and constructive notice of the defective and dangerous conditions of Young Road. Tenn. Code Ann. § 29-20-203 is part of the Tennessee Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-201 *et seq.* The Tennessee Supreme Court addressed the general principle in both the GTLA and the common law that preceded the enactment of the Act in *Helton v. Knox County, Tenn.,* 922 S.W.2d 877 (Tenn. 1996):

> . . . governmental entities are generally immune from liability for any injury resulting from the exercise of governmental or proprietary functions. Tennessee Code Annotated § 29-20-201(a) (Supp. 1995) specifically restates this principle: "Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." The GTLA then removes governmental immunity "for injuries resulting from the negligence operation by any employee of a motor vehicle or other equipment," "**for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway**," "for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement," and "for injury proximately caused by a negligent act or omission of any employee," with numerous exceptions. Thus, the GTLA is in derogation of common law and must be strictly construed. *Mowdy v. Kelly*, 667 S.W.2d 489, 491 (Tenn. App. 1983).

*Helton v. Knox County, Tenn.* 922 S.W.2d 877, 881-882 (Tenn. 1996)(emphasis added).

The County contends on appeal that the County is immune from this suit under the GTLA pursuant to Tenn. Code Ann. § 29-20-203(b) because the County did not have notice of any defect in Young Road. Section § 29-20-203(a) provides an exception to governmental immunity in connection with injury caused by a defect in a government controlled road such as Young Road.

Section § 29-20-203(b) contains the caveat that the exception to immunity will not apply however, unless the governmental entity had actual or constructive notice of the defect. The statute provides:

> a) Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity. "Street" or "highway" includes traffic control devices thereon.
>
> (b) This section shall not apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved . . . .

The Condras would ultimately bear the burden of proof at trial to show that the County had either real or constructive notice of the alleged defect in Young Road. However, under the burden shifting scheme as articulated in *Byrd* and *Hannan* applicable to a motion for summary judgment, the County, as movant, bears the initial burden of production to either show affirmatively that it had no notice of the defect or to show that the Condras cannot prove the element of notice at trial. *Hannan*, at *3, 6. The County did not meet this requirement and, in fact, its statement of undisputed facts filed with its motion for summary judgment states specifically that "[t]here is no testimony that Defendant, Bradley County, had notice that this intersection was dangerous or was in need of alteration or revision prior to the collision giving rise to this cause." The County claims in its brief that it did affirmatively show a lack of notice through the deposition testimony of County road supervisor Tom Collins. This position is without merit, as the transcript of the Collins' deposition, or even an excerpt of it, was not submitted with the motion for summary judgment, nor was it before the Trial Court for consideration. The County produced nothing with its Motion for Summary Judgment to negate the Condras' claim that the County had notice of the defect in Young Road, nor did the County show that the Condras could not prove the notice element of their claim at trial. In fact, the County's Motion for Summary Judgment and its supporting memorandum, did not address the issue of notice to the County or the exception to immunity found in Tenn. Code Ann. § 29-20-203. Accordingly, the Trial Court erred when it granted summary judgment based on a finding that the County was immune from suit, because it had no notice of a defect in the road at issue.

The County did make the argument that it was immune from suit under the GTLA because the "allegations of defect in the roadway (and by inference, the scheduling of maintenance and/or repair)" fell within the discretionary function of the County, and the Trial Court agreed. Tenn. Code Ann. § 29-20-205(1) provides governmental immunity based on a finding that the governmental entity's action was a discretionary function, as follows:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
>
> (1) the exercise or performance or the failure to exercise or perform a discretionary

function, whether or not the discretion is abused. . . .

As noted above, the County is not immune from suit under Tenn. Code Ann. § 29-20-203, but an application of one of the immunity exceptions under another section of the GTLA is not precluded. *See, Kirby v. Macon County*, 892 S.W.2d 403, 406-407 (Tenn. 1994). Accordingly, each section of the GTLA that provides an exception to governmental immunity should be considered separately. *Helton at 885.*

The County may be correct that scheduling maintenance and repair of the roads falls within the discretionary function of the County. However, we do not reach this issue because the County is not immune from suit under Tenn. Code Ann. § 29-20-203 as we have held. *See, Zamek v. O'Donnell*, No. W2006-00522-COA-R3-CV, 2007 WL 98481 at *3 (Tenn. Ct. App. Jan. 16, 2007). Moreover, even if we were called upon to decide this issue, the County failed to come forward with an affidavit or other evidence that would show that the maintenance of Young Road was a discretionary function and not merely an operational function.

As we have stated, The Trial Court's granting of summary judgment in favor of the County on the basis of sovereign immunity was error.

The Trial Court held that in addition to a finding that the County was immune from suit under the GTLA, summary judgment was appropriate as "there was no evidence that would support a finding of negligence on behalf of Bradley County." This conclusion is in error, because the movant County did not meet its burden of production. The shifting burden of production required on a motion for summary judgment was spelled out by the Tennessee Supreme Court in *Byrd v. Hall*, and clarified in *Hannan v. Alltel* as follows:

> Summary judgment is appropriate when the moving party can show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). In *Byrd*, this Court set out the *basic* principles involved in determining whether a motion for summary judgment should be granted. The moving party has the ultimate burden of persuading the court that "there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Byrd*, 847 S.W.2d at 215. If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists. *Id.* **To meet its burden of production and shift the burden to the nonmoving party, the moving party must either affirmatively negate an essential element of the nonmoving party's claim** or establish an affirmative defense. *Id.* At 215 n.5. If the moving party does not satisfy its initial burden of production, the court should dismiss the motion for summary judgment. *See Id.* at 215. Summary judgment should be granted only when, with the facts viewed in favor of the nonmoving party, it is clear that no genuine issue of material fact exists. *Id.* at 210-11.

*Hannan v. Alltel Publishing Co.,* 2008 WL 4790535 at *3 (Tenn. Oct. 31, 2008). In *Hannan*, the Court discarded the term "establish an affirmative defense" as confusing, *Id.* at *4, and clarified the burden of production borne by the movant before the burden is shifted to the nonmoving party to mean that the movant must "affirmatively negate an essential element of the nonmoving party's claim" or "show that the nonmoving party cannot prove an essential element of the claim at trial." *Id.* at *3. As further clarification, the Court warned that "the moving party may not, however, merely point to omissions in the nonmoving party's proof and allege that the nonmoving party cannot prove the element at trial." *Id.* at *7 (citing *Blair*, 130 S.W.3d at 768). Moreover, the Court specifically rejected the "put up or shut up" approach to burden-shifting as set forth in *Celotex Corp.*

The County failed to meet the requirement that it affirmatively negate an essential element of plaintiffs' claim or show that the plaintiffs cannot prove an essential element of the claim, and the Trial Court is also reversed on this basis.

We pretermit the issue of whether the Trial Court erred in failing to order Bradley County to respond to the request for production of documents. In view of our holding in this case, such issues can be resolved upon remand of the case.

We also pretermit the issue of whether the Trial Court erred in denying plaintiffs' Motion for Continuance to allow Mr. Condra to reach maximum medical improvement, and to allow plaintiffs time to retain an expert, because the issue is moot in view of our holding.

Next, the County's issue is that the Trial Court failed to grant the County's Motion to Strike Plaintiffs' Motion to Alter or Amend. We conclude without elaboration that this Motion is without merit.

For the foregoing reasons, we reverse the summary judgment granted in favor of the defendant, and remand for further proceedings consistent with this Opinion.

The cost of the appeal is assessed to Bradley County, Tennessee.

_____
HERSCHEL PICKENS FRANKS, P.J.