# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 21, 2011 Session

**JOHN RUFF v. REDDOCH MANAGEMENT, LLC, ET AL.**

**Appeal from the Circuit Court for Shelby County**
**No. CT00391208      James F. Russell, Judge**

---

**No. M2010-02609-COA-R3-CV - Filed November 30, 2011**

---

Tenant filed suit against his former landlord and the current owner of premises that tenant leased alleging, *inter alia*, breach of contract and violations of the Uniform Residential Landlord and Tenant Act.  Trial court dismissed tenant's claim against the former landlord holding that the landlord was exempt from suit pursuant to Tenn. Code Ann. § 66-28-305. The court dismissed the claim against the current owner because tenant failed to comply with the fourteen day pre-suit notice requirement at Tenn. Code Ann. § 66-28-501(a).  Finding no error, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and ANDY D. BENNETT, J., joined.

John Ruff, Memphis, Tennessee, Pro Se.

Roger Alden Stone and Lisa Nicole Stanley, Memphis, Tennessee, for the appellees, Reddoch Management, LLC, and Adams Rentals.

## MEMORANDUM OPINION[1]

---

[1]  Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I. Facts and Procedural History

On April 1, 1997, John Ruff signed a one-year lease for an apartment located at 3805 Carnes #C, Memphis, Tennessee ("the premises") with Adams Rentals; the monthly rent was $250.00. After the expiration of the lease in April 1998, Mr. Ruff continued to occupy the premises, paying $250.00 each month for the following ten years. On February 29, 2008, Adams Rentals sold the property to Reddoch Management, LLC ("Reddoch"). On April 3, 2008, Reddoch posted a notice on Mr. Ruff's door which stated as follows:

> Please be advised this is you [sic] 30day [sic] notice to vacate the property. The new owners are renovating and selling the property. You need to be out of the property no later than 4/30/2008. If you have any questions concerning this please feel free to contact our office.

Mr. Ruff paid his rent through the month of April 2008; however, Reddoch did not accept his payment of rent for May 2008. By letter dated April 16, 2008 sent to Mr. Ruff, Reddoch reaffirmed its intent to renovate the property and again gave Mr. Ruff notice to vacate the premises.

On May 2, 2008, Mr. Ruff, proceeding *pro se*, filed suit against Adams Rentals and Reedy & Company Realtors in Shelby County General Sessions Court (the "Ruff suit") alleging an "unlawful conspiracy," breach of rental agreement, and breach of the Uniform Residential Landlord and Tenant Act ("URLTA"); he sought to "maintain indefinite possession" of the property without having to pay "any monetary rent whatsoever" as well as punitive and compensatory damages. On May 23, 2008, Mr. Ruff filed an "amended alias" adding Reddoch to the suit. Although not reflected in the record, according to Reddoch's brief on appeal, Mr. Ruff's lawsuit proceeded to a hearing on August 1, 2008 at which the trial court dismissed his case without prejudice. Mr. Ruff did not re-file his case but appealed the dismissal to the Shelby County Circuit Court on August 4, 2008; the case was assigned to Division 6 of that court.

Reddoch filed a forcible entry and detainer action against Mr. Ruff on May 16, 2008 in the Shelby County General Sessions Court (the "Reddoch suit'). On June 25, the court held a hearing in the Reddoch suit and granted judgment to Reddoch for $894.66 and possession of the property. Mr. Ruff subsequently vacated the premises and appealed the judgment to the circuit court; the case was assigned to Division 2 of that court. On October 20, 2008, the court in Division 6 entered an order transferring the Ruff suit to Division 2, and on May 15, 2009, the court in Division 2 entered an order consolidating the two appeals.

On June 15, 2010, Reddoch filed a Motion for Summary Judgment in both cases, supported by affidavits of Jim Reedy, President of Reddoch, and Adrienne Furr, employee of Reddoch, a statement of undisputed facts, the lease for the premises, deed to the property, and testimony of Tina Tant, an employee of Reddoch, and testimony of Mr. Ruff given at the hearing in General Sessions Court on June 25, 2008. Mr. Ruff filed a response to the motion, supported by his affidavit, with exhibits, and the affidavit of Lester Waldon.[2]

The trial court entered a Memorandum Opinion and Order Dismissing Cases on July 27, 2010, in which it determined, with regard to the Ruff suit, that Adams Rentals was exempt from suit pursuant to Tenn. Code Ann. § 66-28-305 and that Mr. Ruff's claim against Reddoch was "fatally flawed" because he did not provide Reddoch with fourteen days notice required by Tenn. Code Ann. § 66-28-501, before commencing the action. The trial court dismissed the Reddoch suit *sua sponte*, finding that the April 3 and April 16, 2008 letters did not comply with the notice of termination requirement at Tenn. Code Ann. § 66-28-512(b) and that, as a consequence, Reddoch could prove no set of facts that would entitle it to a money judgment against Mr. Ruff.[3]

On August 26, 2010, Mr. Ruff filed a Motion to Alter or Amend, which the trial court denied. Mr. Ruff appealed to this Court raising a number of issues.

## II. Standard of Review

Summary judgment is appropriate when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to a judgment as a matter of law. *King v. Betts*, ___ S.W.3d ___, 2011 WL 5617758, at *12 (Tenn. Nov. 18, 2011). A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Draper v. Westerfield*, 181 S.W.3d 283, 288 (Tenn. 2005); *BellSouth Adver. & Publ. Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003); *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 284 (Tenn. 2001); *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000). We review the summary judgment decision as a question of law. *Finister v. Humboldt Gen. Hosp., Inc.*, 970 S.W.2d 435, 437 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). Accordingly, this court must review the record *de novo* and make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been met. *Eadie v. Complete Co., Inc.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair v. West Town*

---

[2] These affidavits appear in the record as the "Affidavit of John Ruff of Undisputed Material Facts" and "Affidavit of Lester Waldon of Undisputed Material Facts."

[3] The court further held that the "fundamental issue of the unlawful detainer action, *i.e.*, that of possession, is now moot."

*Mall*, 130 S.W.3d 761, 763 (Tenn. 2004); *Staples v. CBL & Assoc.*, 15 S.W.3d 83, 88 (Tenn. 2000).

## III. Analysis

The substantive issues raised on appeal by Mr. Ruff are premised upon his contention that paragraph eight of the lease he signed on April 1, 1997 entitled him to uninterrupted and indefinite possession of the property. Paragraph eight states: "The LESSOR hereby covenants that if LESSEE shall keep and perform all of the covenants of this lease on the part of the LESSEE to be performed, LESSOR will guarantee to LESSEE the uninterrupted possession of the said premises." Mr. Ruff contends that Reddoch breached this portion of the lease when it required him to vacate the premises.

Pursuant to paragraph three of the lease agreement, the duration of Mr. Ruff's lease was for one year—from April 4, 1997 to April 30, 1998. The lease expired, by its terms, on April 30, 1998; thereafter, paragraph eight was no longer in effect. Further, the covenant in paragraph eight is a covenant of possession and does not define the duration of tenancy or otherwise extend the original term of the lease.

Mr. Ruff's argument that he is entitled to relief under the URLTA is likewise without merit. Pursuant to Tenn. Code Ann. § 66-28-501(a), "the tenant may recover damages, obtain injunctive relief and recover reasonable attorney's fees for any noncompliance by the landlord with the rental agreement or any section of this chapter upon giving fourteen (14) days' written notice." Mr. Ruff filed suit against Reddoch on May 23, 2008 without giving the fourteen days' written notice as required by Tenn. Code Ann. § 66-28-501(a). The trial court did not err in dismissing the case for Mr. Ruff's failure to provide the requisite notice.

Finally, we affirm the trial court's holding that Adams Rentals is "specifically exempted from suit" pursuant to Tenn. Code Ann. § 66-28-305, which states as follows:

> Unless otherwise agreed, a landlord who conveys premises that include a dwelling unit subject to a rental agreement in a good faith sale to a bona fide purchaser, landlord or agent, or both, is relieved of liability under the rental agreement and this chapter as to events occurring subsequent to written notice to the tenant of the conveyance and transfer of the security deposit to the bona fide purchaser.

Because Adams Rentals sold the property to Reddoch, a bona fide purchaser, Adams Rentals is relieved of liability, and the trial court did not err in dismissing it from the suit.

We have considered the other issues raised by Mr. Ruff, specifically his contentions that the Reddoch suit was barred by the "prior suit pending" doctrine and that the general sessions and circuit courts should have granted his motions to recuse. The claims and issues in both the Ruff and Reddoch suits were consolidated in one proceeding, and the trial court appropriately considered the matter in accordance with the facts presented and the applicable law; the prior suit pending doctrine did not apply. We have also reviewed the record and the motion to recuse filed in the trial court and find no basis to conclude that the court was biased against Mr. Ruff or was unfair in any respect; the trial court properly disposed of the issues in the case.

## IV. Conclusion

Based on the foregoing, we affirm the judgment of the trial court. Costs of the appeal are taxed to the appellant, John Ruff, for which execution may issue if necessary.

_____
RICHARD H. DINKINS, JUDGE