IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# KATHLEEN J. DUNHAM v. STONES RIVER HOSPITAL, INC., ET AL.

**Direct Appeal from the Circuit Court for Franklin County**
**No. 10,568-CV    Buddy D. Perry, Judge**

---

**No. M1999-01143-COA-R3-CV - Decided May 5, 2000**

---

The appellant filed a complaint against the appellees alleging medical malpractice. This claim was based on the appellant's assertion that her treating physician, appellee Dr. Maninder Singh, failed to diagnose and properly treat the appellant's myocardial infarction. The trial court granted the appellees' motions for summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CANTRELL, P.J., M.S. delivered the opinion of the court, in which CAIN, J. and COTTRELL, J. joined.

Robert S. Peters, Winchester, Tennessee, for the appellant, Kathleen J. Dunham.

C.J. Gideon, Jr. and Joe W. Ellis, II, Nashville, Tennessee for the appellee, Stones River Hospital, Inc.

Darrell G. Townsend, Nashville, Tennessee for the appellees, Team Health, Inc. and Dr. Maninder Singh.

**OPINION**

**I.**

On September 21, 1996, the appellant, Kathleen Dunham, arrived at the Southern Tennessee Medical Center emergency room complaining of chest pain. Dr. Maninder Singh worked in the emergency room as an independent contractor pursuant to a contract between the hospital and Team Health, Inc. Dr. Singh performed an electrocardiogram and concluded that Ms. Dunham's heart was not the cause of her chest pain. Her vital signs and the results of other lab tests were within normal limits. Dr. Singh then phoned Ms. Dunham's regular physician and learned that she had been discharged from Southern Tennessee Medical Center earlier that same day and that tests performed during her hospitalization did not suggest a cardiac event. Dr. Singh obtained the results of an

electrocardiogram performed on Ms. Dunham the previous day and compared those results with the results of the test he had performed. After comparing the test results, Dr. Singh "advised Ms. Dunham that [he] could find nothing which was suggestive of any cardiac event." At this point, Ms. Dunham's pain had resolved and she subsequently left the emergency room. Ms. Dunham later went to another hospital where she was diagnosed and treated for a myocardial infarction.

On October 2, 1996, Sherry Jackson, the head nurse of the emergency department at Southern Tennessee Medical Center, received a complaint regarding Ms. Dunham's emergency room care. After receiving this complaint, Ms. Jackson contacted Dr. Christopher Smith, the director of the emergency room, and asked him to review Ms. Dunham's record to determine the quality of care she had been provided. After reviewing the record, Dr. Smith determined that Ms. Dunham had sustained a myocardial infarct and that Dr. Singh had misread the electrocardiogram and misdiagnosed Ms. Dunham. After making these findings, Dr. Smith contacted the hospital's Quality Assurance department to alert them to the potential of a lawsuit regarding Ms. Dunham's emergency room care.

## II.

Ms. Dunham subsequently filed this action against Stones River Hospital, Inc. d/b/a Southern Tennessee Medical Center, Team Health, Inc., and Dr. Singh. The complaint alleged that the appellees "failed to provide [Ms. Dunham] that level of care that is required by the standard in the community" and that such failure equated to malpractice and negligence. In response, the appellees filed motions for summary judgment. Dr. Singh filed an affidavit in support of his motion. He stated:

> I am familiar with standards of acceptable professional practice for emergency room physicians now, and I am familiar with what those standards were in September 1996. . . . In my opinion, standards of acceptable professional practice for competent emergency room physicians in Franklin County, Tennessee and similar communities in September 1996 under circumstances presented by Ms. Dunham's case required the same actions, diagnostic tests, interpretations, and treatment as I rendered. In my opinion, my actions complied with standards of acceptable professional practice. By virtue of my education, experience, training, and qualifications, I am competent to render these opinions, and I do so to a reasonable degree of certainty.

In support of its motion for summary judgment, the appellee Stones River Hospital, Inc. filed the affidavit of Elwyn Marie Edwards, L.P.N. Such affidavit stated that Ms. Edwards was a licensed and practicing nurse in September of 1996 and was familiar with the recognized standards of acceptable professional hospital and nursing practice as those standards applied to providing emergency room care. The affidavit further established that Ms. Edwards provided nursing care to Ms. Dunham on September 21, 1996. Ms. Edwards stated that based on her training and experience, she and the other hospital employees who provided nursing care to Ms. Dunham that evening complied with the recognized standards of acceptable professional practice at all times.

Ms. Dunham filed a response to the appellees' motions for summary judgment. In support of this response, Ms. Dunham submitted the deposition of Dr. Smith. In such deposition, Dr. Smith testified, in relevant part, that Dr. Singh had misdiagnosed Ms. Dunham. The following exchange transpired:

Q: Dr. Singh's misdiagnosis and discharge of Mrs. Dunham was not acceptable according to your professional and medical standards; is that correct?

A: I'm not an expert in the field of cardiology, and I am a practicing physician and make many errors myself; but in my review of the records, I would say that this was a misdiagnosis.

Q: And that is not acceptable according to your professional and medical standards?

A: According to community practices it is not acceptable.

This deposition was subsequently stricken by the trial court after a finding that the deposition was taken in a manner inconsistent with the Tennessee Rules of Civil Procedure and in violation of the Tennessee Peer Review Law codified at Tenn. Code Ann. § 63-6-219. The trial court subsequently overruled the appellees' motions for summary judgment without prejudice subject to renewal upon the taking of another deposition of Dr. Smith. After another deposition of Dr. Smith was taken and a renewed motion for summary judgment was filed, the trial court dismissed Ms. Dunham's cause of action.

**III.**

In order to prevail on a motion for summary judgment, the moving party must demonstrate that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. Once the moving party has satisfied this burden, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute warranting a trial. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). The nonmoving party cannot simply rely upon his pleading, but must set forth specific facts evidencing a genuine issue of material fact for trial. *Id.* at 211.

Summary judgment is appropriate only where the facts and legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Because only questions of law are involved in the trial court's grant of a summary judgment motion, our review is de novo without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). In addition, we must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Id.* at 622.

Proof of injury alone is not sufficient to survive a motion for summary judgment in a medical malpractice action. *Howse v. State*, 994 S.W.2d 139, 141 (Tenn. Ct. App. 1999). The plaintiff has

the burden of proving by expert testimony (1) the recognized standard of acceptable professional practice, (2) that the defendant deviated from that standard, and (3) that as a proximate result of the defendant's negligent act or omission, the plaintiff has suffered injuries which would not otherwise have occurred. Tenn. Code Ann. § 29-26-115. Summary judgment in a medical malpractice case may be appropriate where the defendant produces expert proof that completely refutes the plaintiff's allegations of negligence and the plaintiff does not produce rebuttal proof by expert testimony.[1] *Dolan v. Cunningham*, 648 S.W.2d 652, 653 (Tenn. Ct. App. 1982).

## IV.

First, with respect to the hospital, there was no proof that the hospital personnel were negligent, and the hospital was not sued on a theory of vicarious liability for Dr. Singh's negligence. Therefore, summary judgment for the hospital was proper.

## V.

As to Dr. Singh and Team Health, Inc., the trial court ruled that there was no genuine issue of material fact and that the appellees were entitled to judgment as a matter of law. Accordingly, the trial court granted the appellees' motions for summary judgment. Ms. Dunham now contends that the trial court erred because Dr. Smith's testimony that Dr. Singh misdiagnosed the cause of her condition creates a genuine dispute as to a material fact. Ms. Dunham further argues that Dr. Smith's testimony does not fall within the parameters of the Peer Review Law codified at Tenn. Code Ann. § 63-6-219 and that it is therefore admissible. However, we find no need to address the issue of the admissibility of Dr. Smith's deposition testimony because we find that, even if admissible, such testimony is inadequate to establish the necessary elements of a medical malpractice claim.

In his deposition, Dr. Smith testified that, in his opinion, Dr. Singh had misdiagnosed Ms. Dunham, that such misdiagnosis fell below "community practices," and that had Dr. Singh properly diagnosed Ms. Dunham "there is a chance [the residual effects of the myocardial infarct] would have been lessened or possibly eliminated at that time." Ms. Dunham argues that this alleged "misdiagnosis" is sufficient to preclude summary judgment in this case. However, liability for malpractice is dependent upon whether the physician is lacking in and fails to exercise the reasonable degree of learning, skill, and experience that is ordinarily possessed by others of his profession. *Hurst v. Dougherty*, 800 S.W.2d 183, 185 (Tenn. Ct. App. 1990) (*quoting Ward v. United States*, 838 F.2d 182, 186 (6th Cir. 1988)). "An honest mistake in judgment is not sufficient to find a physician negligent." *Hurst*, 800 S.W.2d at 185. We cannot find that Dr. Smith's deposition testimony is sufficient to establish "the recognized standard of acceptable professional practice" in the community, nor that Dr. Singh "acted with less than or failed to act with ordinary and reasonable care in accordance with such standard." *See* Tenn. Code Ann. § 29-26-115. As Ms. Dunham offered

---

[1] The exception to this general rule arises where the acts of alleged negligence are within the knowledge of an ordinary layman. *Dolan*, 648 S.W.2d at 653. However, this exception is inapposite to this case.

no other expert testimony to rebut Dr. Singh's expert testimony indicating that he complied with the recognized standard of acceptable professional practice or to rebut Ms. Edwards' expert testimony that the nursing and hospital staff complied with the recognized standards of acceptable professional practice, summary judgment was appropriate in this cause. *See* Tenn. Code Ann. § 29-26-115; *Dolan*, 648 S.W.2d at 653.

Accordingly, the judgment of the trial court is affirmed. Remand this cause to the Circuit Court for Franklin County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Kathleen Dunham.