IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 31, 2003

## JOHN ALLEN HESSMER, ET AL. v. FERNANDO MIRANDA, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 01C-2012      Walter C. Kurtz, Judge**

---

**No. M2001-02056-COA-R3-CV - Filed May 12, 2003**

---

This appeal involves a state prisoner's efforts to pursue medical malpractice and wrongful death claims arising from the death of his mother. The prisoner filed a pro se complaint in the Circuit Court for Davidson County against his mother's treating physician and a nurse. The defendants filed a joint motion for summary judgment supported by their own affidavits. The trial court granted the prisoner additional time to obtain opposing affidavits and then dismissed the prisoner's complaint after he was unable to do so. The prisoner complains on appeal that his incarceration prevented him from obtaining the opposing affidavits and asserts that the trial court erred by declining to appoint a "special master" to aid him in the discovery process. We have determined that the prisoner was not entitled to the assistance of a special master and that the trial court properly dismissed the prisoner's complaint because he failed to demonstrate the existence of a material factual dispute that would warrant a trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

John Allen Hessmer, Nashville, Tennessee, Pro Se.

Robert E. Parker, Nashville, Tennessee, for the appellees, Fernando Miranda and Barbara Cardin.

**OPINION**

**I.**

John Allen Hessmer is currently serving sentences for aggravated burglary, vandalism, possession of drugs for resale, and violating parole. On July 6, 2001, while he was incarcerated at the South Central Correctional Center in Clifton, he filed a medical malpractice and wrongful death action in the Circuit Court for Davidson County against the oncologist and a nurse who had treated his mother for advanced stage lung cancer. Mr. Hessmer alleged that his mother had died on July 27, 2000 because the defendants had failed to provide her with proper chemotherapy treatment.

On August 13, 2001, the oncologist and the nurse filed a joint motion for summary judgment, supported by their own affidavits stating that their treatment of the prisoner's mother had conformed to the applicable standard of care and had not caused the death of the prisoner's mother. Mr. Hessmer responded with his own personal affidavit and also requested the trial court to appoint a special master pursuant to Tenn. R. Civ. P. 53 to assist him with the case. The trial court continued the hearing on the summary judgment motion for sixty days to give Mr. Hessmer additional time to obtain and file affidavits opposing those filed by the oncologist and the nurse in support of their motion for summary judgment. The trial court set December 10, 2001 as the deadline for filing these opposing affidavits. When Mr. Hessmer failed to file the affidavits, the trial court filed an order on December 12, 2001, granting the summary judgment and dismissing the complaint. Mr. Hessmer has appealed.

**II.**

We first address the obligation of incarcerated prisoners who file civil suits to comply with generally applicable substantive and procedural rules. In an opinion filed contemporaneously with this one involving another of Mr. Hessmer's lawsuits, we recognized that prisoners have a qualified right to institute and prosecute civil actions in Tennessee's courts. However, we also pointed out that prisoners, like other pro se litigants, must comply with the same substantive and procedural rules that represented parties are expected to observe. *Hessmer v. Hessmer*, No. M2002-01024-COA-R3-CV, 2003 WL _____, at *___ (Tenn. Ct. App. May 12, 2003).

Medical malpractice claims have strict substantive and procedural requirements. Subject to the "common knowledge" exception that is inapplicable here, plaintiffs filing medical malpractice actions cannot recover unless they produce competent expert evidence establishing each of the three statutory ingredients of their claim. Tenn. Code Ann. § 29-26-115(a) (Supp. 2002); *Seavers v. Methodist Med. Ctr.*, 9 S.W.3d 86, 92 (Tenn. 1999). Mr. Hessmer is not somehow immune from this substantive requirement simply because he is incarcerated.

It is now commonplace for defendants in medical malpractice cases to file motions for summary judgment to test the strength of their adversary's case. These motions are generally supported by the defendant's own affidavit stating that, in their professional opinion, their actions neither violated the applicable standard of professional practice nor caused the complained-of injury. Affidavits of this sort effectively negate the allegations of negligence in the plaintiff's complaint and force the plaintiff to demonstrate the existence of a genuine, material factual dispute that warrants a trial. *Finister v. Humboldt Gen. Hosp., Inc.*, 970 S.W.2d 435, 438 (Tenn. 1998); *Dunham v. Stones River Hosp., Inc.*, 40 S.W.3d 47, 51 (Tenn. Ct. App. 2000).

Plaintiffs confronted by these summary judgment motions have several options. Frequently, since most of these motions are filed before much discovery has occurred, the only practical option is to file an expert affidavit contradicting the assertions in the defendant's affidavit. Plaintiffs who are unable to produce their own opposing expert affidavit face almost certain dismissal of their complaint because the defendant has effectively negated an essential element of their case. Without an opposing expert affidavit, the plaintiff cannot demonstrate the existence of a genuine factual dispute regarding whether the defendant breached the applicable standard of professional practice. *Mabon v. Jackson-Madison County Gen. Hosp.*, 968 S.W.2d 826, 831 (Tenn. Ct. App. 1997).

In this case, the oncologist and nurse filed a joint summary judgment motion supported by their own affidavits stating that their conduct was consistent with the applicable standards of professional practice and that their treatment of Mr. Hessmer's mother did not cause her death. Once these affidavits were filed, Mr. Hessmer, like any other plaintiff in a medical malpractice case, could not rest on the allegations in his complaint. Tenn. R. Civ. P. 56.06. He was required to come forward with affidavits by competent medical experts contradicting the assertions in the oncologist's and nurse's affidavits. He was not somehow exempted from this procedural requirement simply because he was incarcerated.

### III.

Mr. Hessmer asserts that the trial court should have appointed a "special master" to assist him with his case. As he describes it, the role of this special master would have been "specifically to preform (sic) such tasks that an imprisoned person is incapable for performing." There are two fundamental problems with Mr. Hessmer's request. First, special masters appointed pursuant to Tenn. R. Civ. P. 53 do not perform the functions Mr. Hessmer says he needs. Second, incarcerated prisoners have no right to court-appointed assistance with their civil litigation.

Pro se litigants, including pro se prisoners, have a right to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planter Nat'l Bank*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). However, the courts may not prejudice the rights of other parties in order to be "fair" to parties who decide to represent themselves. *Hodges v. Attorney General*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000). Thus, the courts should not allow pro se litigants, including incarcerated prisoners, to shift the burden of the litigation to the courts or to their adversaries.

Indigent civil litigants, unlike indigent criminal defendants, possess neither a constitutional nor statutory right to court-appointed assistance. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *Foggie ex rel. Geronimo v. Commissioner of Social Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003); *Phillips v. Shamshad*, No. W2001-02508-COA-R3-CV, 2002 WL 1905310, at *5 (Tenn. Ct. App. Aug. 16, 2002) (No Tenn. R. App. P. 11 application filed). While trial courts may very well have the inherent prerogative in exceptional circumstances to request appointed counsel to assist indigent civil litigants, this authority is discretionary. The appointment of counsel is not appropriate when the pro se litigant's claims are frivolous or when the chances of success are extremely thin. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Based on this record, it is reasonable to conclude that Mr. Hessmer's chances of succeeding with this lawsuit are extremely thin. The appointment of a "special master," as he calls it, or a lawyer, would not necessarily have enabled him to effectively oppose the summary judgment motion filed by the oncologist and nurse. Even with this assistance, Mr. Hessmer would still need competent experts who would opine that the chemotherapy his mother received fell below the applicable standard of professional conduct and caused her death. Because Mr. Hessmer has no colorable right to appointed medical experts, he would be required to find medical experts who would be willing to donate their time and expertise to his cause. The chances of this are, as a practical matter, slim. Accordingly, we have determined that the trial court did not err by declining to appoint a "special master" to assist Mr. Hessmer with his lawsuit.

**IV.**

We affirm the judgment dismissing Mr. Hessmer's complaint and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to John Allen Hessmer for which execution, if necessary, may issue. We also have determined that this appeal is frivolous in accordance with Tenn. Code Ann. § 41-21-807(c) (Supp. 2001) and Tenn. Code Ann. § 41-21- 816 (a)(1) (1997).

_____
WILLIAM C. KOCH, JR., JUDGE