IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 31, 2007 Session

## DOT VAUGHN, ET AL. v. JOHN W. HARTON REGIONAL MEDICAL CENTER

**Appeal from the Circuit Court for Coffee County**
**No. 33868, L. Craig Johnson, Circuit Judge**

---

**No. M2006-01326-COA-R3-CV - Filed September 21, 2007**

---

Muriel Powers Davis was hospitalized in the John W. Harton Regional Medical Center for pneumonia. During the admission process, it was noted she had recently fallen and had difficulty ambulating without assistance. As a result, fall precautions were implemented. Two days later, during the evening hours, she was discovered lying in the floor. An X-ray revealed a fractured femur. The fracture was surgically repaired, but Ms. Davis died some twenty days after her fall. Her next of kin instituted a medical malpractice action against the hospital alleging that Ms. Davis's fall was the result of negligent care provided by the hospital. The hospital moved for summary judgment which was granted by the trial court. After carefully reviewing the record, we are of the opinion that the affidavit filed by the hospital in support of its motion for summary judgment failed to negate the plaintiffs' right of recovery and so we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

DONALD P. HARRIS, SR.J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY M. KIRBY, J., joined.

James H. Threet, Manchester, Tennessee, for the appellants, Dot Vaughn and Janelle Lee.

Mark T. Smith, Lisa K. Helton, Nashville, Tennessee, for the appellee, John W. Harton Regional Medical Center.

### OPINION

The plaintiffs below, Dot Vaughn and Jannelle Lee (plaintiffs), are the niece and sister of Muriel Powers Davis, deceased. They filed a complaint pursuant to the wrongful death statutes in the Circuit Court of Coffee County, Tennessee, alleging Ms. Davis was injured and later died as a result of the negligence of the nursing staff at John W. Harton Regional Medical Center (Harton). According to the complaint, Ms. Davis was admitted to Harton on September 22, 2003, with a mild case of pneumonia. The admitting documents reflected she needed assistance to ambulate. On September 24, 2003, while she was alone in her room, she fell. As a result of the fall, she suffered a broken femur. Her hip was

surgically repaired by an orthopedic surgeon on September 26, 2003. The complaint alleged Ms. Davis died as a result of complications from that surgery on October 14, 2003. The plaintiffs sought damages for those fatal injuries, Ms. Davis's pain and suffering, and the medical expenses incurred.

Thereafter, Harton filed a motion for summary judgment. In support of that motion, Harton filed the affidavit of Dr. Stephen J. D'Amico. According to his affidavit, Dr. D'Amico is a medical doctor practicing in Franklin, Tennessee. He is certified as a medical director by the American Medical Directors Association. He had reviewed the pleadings filed in the case and Ms. Davis' medical records.

Dr. D'Amico stated that, according to her hospital records, Ms. Davis was admitted to Harton on September 22, 2003, with congestive heart failure, pneumonia and a right chest wall contusion. Because of her age and history of falls, she was placed on fall precautions. About 9:00 p.m. on September 24, 2003, Ms. Davis was found on the floor of her room. Although the fall was unwitnessed, Ms. Davis reported that she fell while attempting to use the bedside commode. After Ms. Davis was discovered on the floor, an X-ray was taken which revealed a left femoral fracture. She underwent surgery to repair the fracture.

Dr. D'Amico noted that a nursing assessment had been made at 7:20 that evening. Ms. Davis was noted to be resting in bed with her eyes open, talking to family members. She was noted to have no complaints. A nurse checked on her at 8:00 p.m. and noted she was awake. Fall precautions were still in place and the side rails on her bed were up. In accordance with the standards of acceptable practice for care and treatment in Tullahoma and Coffee County, Tennessee, Dr. D'Amico believed the nurses appropriately monitored and cared for Ms. Davis on the evening of September 24, and were not negligent. In Dr. D'Amico's opinion, "no act or omission by Defendant Harton Regional Medical Center was the cause of any injury or harm to Muriel Davis which would not have otherwise occurred."

In opposition to the motion for summary judgment, plaintiffs filed the affidavit of Catherine Wilson. Ms. Wilson was a clinical nursing supervisor in patient care services at Baptist Hospital in Nashville, Tennessee. She had been a registered nurse for twenty-two years and stated that she was familiar with the standards of professional nursing practice in hospitals in the community similarly situated to Harton. In addition to reviewing Ms. Davis' medical records from Harton, Ms. Wilson also reviewed the policies and procedures of Harton that were being used by the nursing staff at the time.

Ms. Wilson stated that the nursing admission assessment noted that Ms. Davis needed assistance with activities of daily living, ambulation and transfers with the exception of the ability to feed herself. She was identified as being at risk for falls due to a history of recent falls, difficulty with mobility, and a confused mental status. Fall precautions were noted to have been implemented. Ms. Davis' chart indicated, however, that she was "up ad-lib" and had bathroom privileges despite there being no physician's order for such an activity level. According to Ms. Wilson, Harton's policies and procedures required all patients to have an activity order from a physician upon admission.

Ms. Wilson was of the opinion the nursing care provided Ms. Davis was substandard in that the nurses failed to use appropriate precautions to prevent a fall, specifically a bed alarm to alert the nursing

staff of any attempt by the patient to arise unassisted. Ms. Wilson also noted the nurses failed to perform a daily fall-risk assessment screening as required by the Harton policies and procedures. Finally, in the physician's progress notes of September 24, 2003, it was noted Ms. Davis reported, "they never come when I call." Ms. Wilson noted the failure to promptly answer a patient call light or signal was a violation of the standard of care and Harton's own policies and procedures. Ms. Wilson was of the opinion the substandard nursing care was the cause of the injury to Ms. Davis.

Based upon these affidavits, the trial court granted Harton summary judgment stating:

[T]he Court finds that Plaintiffs' opposition to Defendant's Amended Motion is fatally defective because it relies only upon a nurse's testimony in an attempt to raise a fact issue on causation. As Defendant's Amended Motion for Summary Judgment is supported by a physician's affidavit which states that Defendant complied with the standard of care and did not cause any injuries to the Plaintiffs (sic), and Plaintiffs having filed no controverting affidavit on causation from a competent medical doctor, there is no genuine issue of material fact as to the absence of one or more essential elements of Plaintiff's claims. Accordingly, Defendant is entitled to summary judgment as a matter of law.

From this ruling, the plaintiffs have appealed.

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; Penley v. Honda Motor Co., 31 S.W.3d 181, 183 (Tenn. 2000); Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993). Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. Penley, 31 S.W.3d at 183; Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 88 (Tenn. 2000); Seavers v. Methodist Med. Ctr., 9 S.W.3d 86, 90-91 (Tenn. 1999). Courts should "grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion." Staples, 15 S.W.3d at 89; Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). In reviewing the record to determine whether summary judgment requirements have been met, we must consider the evidence in the light most favorable to the non-moving party, and we must resolve all inferences in the non-moving party's favor. Godfrey v. Ruiz, 90 S.W.3d 692, 695 (Tenn. 2002); Doe v. HCA Health Servs. of Tenn., Inc., 46 S.W.3d 191, 196 (Tenn. 2001).

The party seeking a summary judgment bears the burden of demonstrating that no genuine dispute of material fact exists and that it is entitled to a judgment as a matter of law. Godfrey v. Ruiz, 90 S.W.3d at 695; Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998). To be entitled to a judgment as a matter of law, the moving party must either affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense that conclusively defeats the non-moving

party's claim. Byrd v. Hall, 847 S.W.2d at 215 n.5; Cherry v. Williams, 36 S.W.3d 78, 82-83 (Tenn. Ct. App. 2000).

Medical malpractice claims must meet strict substantive and procedural requirements. Hessmer v. Miranda, 138 S.W.3d 241, 244 (Tenn. Ct. App. 2003). Subject to the "common knowledge" exception, a patient filing a medical malpractice action cannot recover unless he or she presents competent expert evidence establishing each of the three statutory elements of a medical malpractice claim. Tenn. Code Ann. § 29-26-115; Seavers v. Methodist Med. Ctr. of Oak Ridge, 9 S.W.3d 86, 92 (Tenn. 1999). Specifically, the patient must present expert evidence (1) establishing the applicable standard of care, (2) demonstrating that the defendant's conduct fell below that standard of care, and (3) showing that the defendant's conduct proximately caused injuries that would not otherwise have occurred. Tenn. Code Ann. § 29-26-115(a)(1)-(3); Gunter v. Lab. Corp. of Am., 121 S.W.3d 636, 640 (Tenn. 2003); White v. Vanderbilt Univ., 21 S.W.3d 215, 226 (Tenn. Ct. App. 1999).

In the case before us, Harton supported its motion for summary judgment by an affidavit of Dr. D'Amico, stating the nurses appropriately monitored and cared for Ms. Davis on the evening of September 24, and were not negligent. In his opinion, "[f]alls can and do occur in the absence of negligence, and even when the health care providers comply with the standard of care." The plaintiffs filed an opposing affidavit of Ms. Catherine Wilson, a registered nurse and clinical nursing supervisor at Baptist Hospital in Nashville, stating the care provided Mrs. Davis failed to meet the standard of care for hospitals in the area similarly situated to Harton. Specifically, Ms. Wilson stated the nursing care provided was substandard in that appropriate precautions to prevent a fall were not used; nurses failed to perform daily fall-risk assessment screening as required by the Harton policies and procedures; and the physician's progress notes indicated the nurses failed to promptly answer Ms. Davis's call signals. In cases where the claimed medical malpractice relates to the nursing care provided, the affidavit of a registered nurse has been considered by our courts to be appropriate expert testimony. See, e.g., Trea D. McBee v. HCA Health Svcs. of Tenn., No. M2000-00271-COA-R3-CV, 2000 WL 1533000, at *3 (Tenn. Ct. App. October 18, 2000). Consequently, there appears to be a genuine issue of material fact as to whether Ms. Davis's fall was the result of substandard care provided by Harton.

When viewed in that light, Dr. D'Amico's affidavit, in our judgment, fails to sufficiently negate the causation element of plaintiffs' claim to entitle Harton to summary judgment. As stated above, when determining whether summary judgment requirements have been met, we must consider the evidence in the light most favorable to the plaintiffs and must resolve all inferences in their favor. Dr. D'Amico states that "no act or omission by Defendant Harton Regional Medical Center was the cause of any injury or harm to Muriel Davis which would not have otherwise occurred." In view of his opinion that the nursing care provided by Harton complied with the standard of care, this statement may be interpreted as an opinion that Harton was not negligent, therefore, no act or omission of Harton's nursing staff caused Ms. Davis' injuries. At the same time, he relates that the medical records indicate Ms. Davis was found on the floor, was X-rayed and found to have a femoral fracture. She underwent surgery to repair that fracture. Certainly, one can reasonably conclude from Dr. D'Amico's affidavit that the injuries sustained by Ms. Davis were the result of her having fallen. Since we have determined there was a genuine issue as to whether Ms. Davis's fall was caused by Harton's failure to provide

-4-

appropriate care, Dr. D'Amico's affidavit fails to affirmatively negate the causation element of plaintiffs' claim. We conclude the trial court erred in granting Harton summary judgment.

The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are assessed against John W. Harton Regional Medical Center.

_____
DONALD P. HARRIS, SENIOR JUDGE