IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2009 Session

## SHERRI J. HAGER, et al., v. RAMSEY G. LARSON, M.D., et al.

**Appeal from the Circuit Court for Hamblen County**
**No. 06CV160     Hon. John Wilson, Judge**

---

### No. E2009-00407-COA-R3-CV - FILED FEBRUARY 16, 2010

---

In this medical malpractice action, defendants filed affidavits along with a summary judgment motion, setting forth that they had met the standard of care in their treatment of plaintiff, Sherri J. Hager.  The hearing on the summary judgment was continued and plaintiffs were directed to furnish the Court with an affidavit to support their claims. Plaintiffs filed the affidavit of a physician who specialized in internal medicine, who opined that defendants failed to meet the standard of care in treating plaintiff, but stated repeatedly in the deposition that he could not offer an opinion on causation of any injury that would merit an award of damages, since he was an internal medicine specialist.  The Trial Court granted defendants summary judgment and, on appeal, we affirm.

### Tenn.  R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Brandy Boyd Slaybaugh, Knoxville, Tennessee, for the appellants, Sherri J. Hager and Brad Hager.

James G. O'Kane, Knoxville, Tennessee, for the appellees, Ramsey G. Larson, M.D., and Emergency Coverage Corporation.

Edward G. White, Knoxville, Tennessee, for the appellees, William Tenhet Cummins, M.D., Blake Page Melling, M.D., and Healthstar Physicians.

# OPINION

## Background

In this medical malpractice suit, this action was filed against multiple health care providers. Defendants named in the complaint are Morristown Hamblen Hospital Association, Healthstar Physicians, P.C., Blake P. Melling, M.D., William Cummins, M. D., Emergency Coverage Corporation d/b/a ECC, Ramsey Larson, M.D., Siva T. Miran, M.D., and Morristown Gastroenterology, P.C. Morristown Hamblen Hospital Association. Dr. Siva T. Miran and Morristown Gastroenterology, P.C. were later voluntarily dismissed.

According to the complaint Drs. Melling and Cummins are employees of Healthstar Physicians and Dr. Larson is an employee of Emergency Coverage Corporation.

The complaint sets forth that on August 13, 2005 plaintiff Sherri Hager was admitted to the Morristown Hamblen Hospital under the care of Dr. Larson with complaints of nausea, abdominal pain, vomiting, diarrhea and headaches. Dr. Larson ordered that an ultrasound be performed and consulted Dr. Maran, a gastroenenterologist. On August 14, 2005, Dr. Melling examined Ms. Hager and requested a surgical consult. Plaintiffs allege that Dr. Melling did not perform "deep palpation of the abdomen during the examination. Plaintiff also alleges that none of the aforementioned physicians considered appendicitis as a differential diagnosis. On August 15, 2005, Dr. Cummins, a surgeon, was consulted and a computed tomography scan was performed. Based on the results of the scan, Dr. Cummins operated on Ms. Hager and removed her appendix, gall bladder and two ovarian cysts.

Plaintiffs allege that all the doctors breached the standard of care "by failing to notify and diagnose her appendicitis and in delaying surgery to remove [her] appendix [which] caused the appendix to rupture and infection to spread", causing her to be entitled to recover damages.

Numerous motions were filed, including efforts to have the case dismissed based on the statute of limitations.

However, this appeal only involves the appellees' motion for summary judgment, which was granted.

On June 17, 2008 there was a hearing on defendants' motion to dismiss/motion for summary judgment and plaintiffs' motion for continuance. It is unclear if this hearing pertained only to the motion for summary judgment filed by Drs. Melling and Cummins or also to the motion filed by Dr. Larson. The Trial Court granted the continuance and ordered plaintiffs to provide defendants with a signed affidavit from a competent expert no later than July 1, 2008 in opposition to defendants' motion.

On July 2, 2008 an affidavit of Brooks Morelock, M.D., was filed. In that affidavit, Dr. Morelock, an internal medicine specialist, opined that Dr. Melling and Dr. Larson breached the standard of care in their treatment of Ms. Hager because they did not fully evaluate Ms. Hager, did not order a non-contrast CT scan and consequently did not diagnose appendicitis within an appropriate period of time. Dr. Morelock further opined that Dr. Cummins likewise breached the standard of care when, instead of ordering a CT scan after he examined Ms. Hager, he merely wrote a note in her chart that Dr. Melling should order that test. Morelock's affidavit does not address whether Ms. Hager sustained any injury as a result of the alleged breaches of the standard of care.

A hearing on the motions for summary judgment was held on January 26, 2009 before the Trial Court. The Trial Court granted the motions and dismissed the suit by order dated February 12, 2009 upon a finding that:

> [D]efendants have made a properly supported motion, that there are no material facts in dispute, and that defendants are entitled to final judgment as a matter of law because plaintiffs have failed to offer competent expert proof showing that any injury occurred, that would not have otherwise occurred, as a result of alleged deviations from the standard of care.

Plaintiffs filed a notice of appeal, and the issue presented for review on appeal is:

> Did the Trial Court err when it granted summary judgment to defendants upon a finding that plaintiffs failed to offer competent expert proof that showed that any injury occurred that would not have otherwise occurred, as a result of the alleged deviations from the standard of care?

Summary judgment should be awarded when the moving party can demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tenn R. Civ. P. 56.04; *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn.1993). The moving party cannot simply rely on conclusory assertions that the non-moving party has no evidence. *Byrd* at 215. "[I]n Tennessee, a moving party who seeks to shift the burden of production to the nonmoving party who bears the burden of proof at trial must either: (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publishing Co.,* 270 S.W.3d 1, 8-9 (Tenn. 2008). In addition, "a defendant asserting an affirmative defense, . . ., shifts the burden of production by alleging undisputed facts that show the existence of the affirmative defense." *Id.* at n.6.

If the moving party presents a properly supported summary judgment motion, the burden then shifts to the nonmoving party to show that a genuine issue of material fact exists. *Byrd,* 847 S.W.2d at 215. We review the trial court's grant of summary judgment *de novo* with no presumption of correctness. *Guy v. Mutual of Omaha Ins. Co.,* 79 S.W.3d 528, 534 (Tenn.2002). When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *Staples,* 15

S.W.3d at 89. Summary judgment should be awarded only when a reasonable person could reach only one conclusion based on the facts and inferences drawn from those facts. *Id.*

It is well established under Tennessee law that, except in circumstances in which the alleged malpractice is within the common knowledge of laymen, the plaintiff in a medical malpractice action is required to prove all of the three elements by expert testimony set forth in Tenn. Code Ann. § 29-26-115(a). *Mettes v. John*, No. M2008-00901-COA-R3-CV, 2009 WL 1422987 at *3 (Tenn. Ct. App. May 20, 2009); *Moon v. St. Thomas Hosp.,* 983 S.W.2d 225, 229 (Tenn.1998); *Hessmer v. Miranda,* 138 S.W.3d 241, 244 (Tenn. Ct. App.2003). As is the case in the matter before this Court, it is now commonplace for defendants in medical malpractice cases to file motions for summary judgment to test the strength of the plaintiff's case. The motion for summary judgment is generally supported by the defendants' own affidavits stating that, in their professional opinion, their actions neither violated the applicable standard of professional practice nor caused the alleged injury. A defendant's affidavit of this sort effectively negates the allegations of negligence in the plaintiff's complaint and forces the plaintiff to demonstrate the existence of a genuine, material factual dispute that warrants a trial. *Hessmer* at 244 (citing *Finister v. Humboldt Gen. Hosp., Inc.,* 970 S.W.2d 435, 438 (Tenn.1998); *Dunham v. Stones River Hosp., Inc.,* 40 S.W.3d 47, 51 (Tenn. Ct. App.2000)).

Here the affidavits of the three defendants clearly stated that they neither deviated from the standard of care not did their actions cause the injury complained of by Ms. Hager and plaintiffs do not challenge the sufficiency of the defendants' affidavits on appeal. Accordingly, the affidavits produced by defendants were sufficient to shift the burden of production to the plaintiffs and, to avoid summary judgment, plaintiffs were required to produce expert testimony to counter the defense affidavits regarding the essential elements of her claim: the recognized standard of acceptable medical practice, the defendants' deviation from that standard, and causation. *Metts* at * 3 (citing Tenn. Code Ann. § 29-26-115(a); *Bowman v. Henard,* 547 S.W.2d 527, 531 (Tenn.1977)).

To meet their burden of production, plaintiffs submitted the affidavit of Dr. Brooks Morelock. Dr. Morelock opined as to the appropriate standard of care and assigned several examples of deviations of that standard to each of the three defendant doctors. Thus, Dr. Morelock's affidavit was sufficient to raise genuine issues of material fact regarding whether the physicians had breached the standard of care. However, Dr. Morelock's affidavit did not address causation as required by Tenn. Code Ann. § 29-26-115(a)(3). Defendants sought to clarify whether Dr. Morelock was prepared to offer an opinion connecting their alleged deviations from the standard of care to an injury sustained by Ms. Hager during Dr. Morelock's deposition. Repeatedly, Dr. Morelock, an internal medicine specialist, declared that he was not qualified to offer any opinion as to whether the breaches of the standard of care he had identified caused the injuries complained of by Ms. Hager. During this line of questioning during Dr. Morelock's deposition taken by defendants, the exact colloquy, was:

Q.      Okay. And just so I'm absolutely perfectly clear about this, you don't intend to offer any opinions or you're not qualified to offer any opinions about any injury that may have flowed from a delayed diagnosis of appendicitis, are you?

And Dr. Morelock reiterated the answer he had already provided several times:

A.      Correct.  That is more of a surgical question.

Accordingly, when the burden of production was shifted to plaintiffs, plaintiffs failed to offer any competent expert testimony that the alleged deviations from the standard of care were causally connected to the injuries claimed by plaintiff as required by Tenn. Code Ann. § 29-26-115(a)(3). Since plaintiffs did not offer expert proof as to causation, the Trial Court did not err when it granted summary judgment to defendants-Appellants.

The granting of summary judgment by the Trial Court is affirmed, and the cause remanded, with the cost of appeal assessed to the plaintiffs, Sherri J. Hager and Brad Hager.


_____
HERSCHEL PICKENS FRANKS, P.J.