IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 3, 2023 Session

## JOHN DAVID RUFF v. VANDERBILT UNIVERSITY MEDICAL CENTER

**Appeal from the Circuit Court for Davidson County**
**No. 22C154   Joseph P. Binkley, Jr., Judge**

_____

**No. M2022-01414-COA-R3-CV**

_____

The plaintiff filed a health care liability action without a certificate of good faith. When the defendant moved to dismiss, the plaintiff asserted that the certificate was unnecessary because the common knowledge exception applied. He also contended that his noncompliance should be excused based on the defendant's failure to timely provide medical records and/or for extraordinary cause. The trial court rejected the plaintiff's arguments and dismissed the action with prejudice. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., joined. FRANK G. CLEMENT, JR., P.J., M.S., not participating.

John David Ruff, Memphis, Tennessee, pro se appellant.

Steven E. Anderson, Nashville, Tennessee, for the appellee, Vanderbilt University Medical Center.

## OPINION

### I.

On October 15, 2022, John David Ruff had surgery at Vanderbilt University Medical Center to correct a "long-standing bulging left eye problem." Unhappy with the results, Mr. Ruff filed this pro se health care liability action against Vanderbilt.

According to the complaint, two physicians operated on Mr. Ruff that day: Dr. Paul Thomas Russell and Dr. Louise Ann Mawn. Both physicians were Vanderbilt employees

acting in the course and scope of their employment. Dr. Russell performed "sinus surgery" after which Dr. Mawn operated on Mr. Ruff's left eye. At his follow-up appointment with Dr. Mawn, Mr. Ruff complained that his "left eye was still bulging out [and] was not completely fixed." Dr. Mawn's eye measurements confirmed that the "left eye was sticking out one (1) millimeter more than the right eye." And she diagnosed Mr. Ruff with "Droopy Eyelid and Exophthalmos." The complaint further alleged that the two physicians caused Mr. Ruff "injury, [and] severe emotional distress, by failing to provide sufficient health care services for [him] and by failing to permanently and properly position [his] left eye back in the left eye socket, in violation of . . . the [Tennessee Health Care Liability Act]." *See* Tenn. Code Ann. §§ 29-26-101 to -122 (2012 & Supp. 2023).

Mr. Ruff filed proof that he complied with the pre-suit notice requirements of the Health Care Liability Act. *See id.* § 29-26-121 (2012). But he did not file a certificate of good faith. *See id.* § 29-26-122(a) (2012).

Vanderbilt moved to dismiss based on the missing certificate. It argued that the complaint should be dismissed with prejudice because Mr. Ruff failed to comply with a mandatory requirement of the Health Care Liability Act. *See id*. § 29-26-122(a), (c).

Mr. Ruff proffered several reasons why the court should excuse his noncompliance. He maintained that the certificate was unnecessary because his action fell within the "common knowledge exception." If not, he claimed that he was "statutorily exempt" from the mandatory requirement based on Vanderbilt's failure to timely produce a copy of his medical records and/or for extraordinary cause. He also asserted that enforcement of this statutory requirement against pro se litigants violated the equal protection clause of the United States Constitution. *See* U.S. CONST. amend. XIV, § 1.

According to Mr. Ruff, he requested a copy of his medical records from Vanderbilt on July 12, 2021. Yet Vanderbilt did not produce the records within thirty days of receipt of his request as required. *See id.* § 29-26-121(d)(1). Rather, Vanderbilt sent him a "partial" set of records, which he allegedly did not receive until January 21, 2022. And Vanderbilt's dilatory conduct "prejudiced" his search for an expert witness.

As for extraordinary cause, Mr. Ruff insisted that his efforts to comply with the statute were "extraordinary" and "went beyond the call of duty." He met with multiple ophthalmologists, but none were willing to sign the certificate. He described three alleged meetings in his complaint. He later submitted a list of several more physicians that he had contacted.

After a hearing, the trial court dismissed the complaint with prejudice. As an initial matter, the court ruled that Mr. Ruff's constitutional challenge failed as a matter of law based on this Court's ruling in *Jackson v. HCA Health Servs. of Tennessee, Inc.*, 383 S.W.3d 497 (Tenn. Ct. App. 2012). And it declined to excuse Mr. Ruff's failure to comply

with the statutory requirement. The court found it significant that Mr. Ruff never complained to Vanderbilt about the alleged missing records or submitted a follow-up request. Nor did he allege any facts suggesting that Vanderbilt's conduct caused his failure to comply. It also found that Mr. Ruff failed to demonstrate extraordinary cause, as defined by our courts.

## II.

A motion to dismiss is the "proper way" for a defendant to challenge a plaintiff's noncompliance with the procedural requirements of the Health Care Liability Act. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of the plaintiff's allegations, not the strength of the evidence. *Ellithorpe v. Weismark*, 479 S.W.3d 818, 824 (Tenn. 2015). In resolving the motion, the court construes the complaint liberally, presumes the truth of all factual allegations, and gives the plaintiff the benefit of all reasonable inferences. *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31 (Tenn. 2007). We review a trial court's decision to grant or deny a motion to dismiss de novo with no presumption of correctness. *Ellithorpe,* 479 S.W.3d at 824.

### A.

Vanderbilt filed a Rule 12.02(6) motion to dismiss based on Mr. Ruff's failure to file a certificate of good faith with the complaint. *See* Tenn. R. Civ. P. 12.02(6). Failure to comply with this statutory requirement "make[s] the action subject to dismissal with prejudice." Tenn. Code Ann. § 29-26-122(c).

We may quickly dispense with several of Mr. Ruff's arguments. He contends that Vanderbilt's motion was procedurally defective because the motion erroneously cited to a nonexistent procedural rule: Rule 12.06(6). Our courts decide motions based on their substance "regardless of the rule referenced." *Ferguson v. Brown*, 291 S.W.3d 381, 387 (Tenn. Ct. App. 2008); *see also Brundage v. Cumberland Cnty.*, 357 S.W.3d 361, 371 (Tenn. 2011) (recognizing that, "[w]hen appropriate, the courts should give effect to the substance of a pleading rather than its form"). And here, the citation in the motion was clearly a typographical error.

Next, Mr. Ruff insists that Vanderbilt waived any response or objection to his various defenses because it did not address his arguments in either the motion to dismiss or the supporting memorandum. But he overstates the requirements of a motion to dismiss in this context. Vanderbilt was not required to anticipate counterarguments. As our supreme court has explained, a properly supported motion "should state how the plaintiff has failed to comply with the statutory requirements by referencing specific omissions in the complaint and/or by submitting affidavits or other proof." *Myers*, 382 S.W.3d at 307.

Vanderbilt met that standard. The burden then shifted to the plaintiff to show either compliance or an acceptable excuse. *Id.*

Finally, Mr. Ruff argues that the court should have treated Vanderbilt's motion as a motion for summary judgment because Vanderbilt submitted "matters outside the pleadings" in support of the motion. *See* TENN. R. CIV. P. 12.02. Vanderbilt submitted a memorandum of law in support of its motion and attached copies of several unreported cases. These filings were not "matters outside the pleadings." *See Patton v. Est. of Upchurch*, 242 S.W.3d 781, 786 (Tenn. Ct. App. 2007) (explaining that "matters outside the pleadings" generally refers to evidence beyond the allegations of the complaint). Legal argument is not evidence. *Elliott v. Cobb*, 320 S.W.3d 246, 250 (Tenn. 2010).

B.

A certificate of good faith must be filed with the complaint "[i]n any health care liability action in which expert testimony is required . . . ." Tenn. Code Ann. § 29-26-122(a); *see also id.* § 29-26-115(a) (2012) (describing the burden of proof in a health care liability action). Tennessee courts have long recognized the common knowledge exception even in health care liability actions. *Jackson v. Burrell*, 602 S.W.3d 340, 348 (Tenn. 2020). The application of this exception presents a question of law, which we review de novo with no presumption of correctness. *Id.* at 344.

Expert testimony is required in a health care liability action when "the conduct at issue involve[s] the exercise of medical judgment or skill." *Id.* at 350. Here, Mr. Ruff alleged the two health care providers "fail[ed] to provide sufficient health care services for [him]" and "fail[ed] to permanently and properly position [his] left eye back in the left eye socket" during ocular surgery. The complex details of Mr. Ruff's eye surgery and medical condition are beyond the common understanding of a layperson. Because the alleged negligent conduct clearly involved the "exercise of medical judgment or skill," Mr. Ruff cannot establish liability without expert testimony. *See id.*

Even so, the trial court had the discretion to excuse Mr. Ruff's procedural shortcoming upon "a showing that [his] failure [to file a certificate] was due to the failure of the provider to timely provide copies of the claimant's records . . . or demonstrated extraordinary cause." Tenn. Code Ann. § 29-26-122(a). Mr. Ruff claims that he demonstrated both. Whether he made the requisite showing is a mixed question of law and fact. *Myers*, 382 S.W.3d at 307. We review mixed questions "de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings." *Id.*

Mr. Ruff insists that he is "statutorily exempt" from this requirement based on Vanderbilt's failure to timely provide copies of his medical records. According to the complaint, Vanderbilt failed to furnish any records within the statutory timeframe, and the

4

records it eventually provided were incomplete.  The trial court expressed doubt as to whether any records were missing.  Mr. Ruff admitted at the hearing that he never complained to Vanderbilt or its attorneys about missing records.  Nor did he produce any evidence of a follow-up request.

Even if we accept Mr. Ruff's factual allegations as true, however, he has not shown that his failure to file the required certificate was "due to" the lack of medical records.  *See* Tenn. Code Ann. § 29-26-122(a).  Mr. Ruff alleged in the complaint that Vanderbilt's conduct "prejudiced [him] from finding an 'expert witness.'"  But we are not required to accept as true allegations "that are merely legal arguments or 'legal conclusions' couched as facts."  *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 427 (Tenn. 2011) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47-48 (Tenn. 1997)).  And we discern no facts, alleged or otherwise, to support his conclusory allegations.  *Cf. Truth v. Eskioglu*, 781 F. Supp. 2d 630, 634-36 (M.D. Tenn. 2011) (excusing plaintiff's failure to file a certificate when she demonstrated that potential expert asked to review medical records before he would provide an opinion on the merits of the malpractice allegations).

Mr. Ruff also contends that he demonstrated extraordinary cause.  Our courts give the term "extraordinary" its common, ordinary meaning.  *Myers*, 382 S.W.3d at 310.  An extraordinary cause goes "far beyond the ordinary degree."  *Id.* at 311 (quoting WEBSTER'S NEW WORLD DICTIONARY OF THE AMERICAN LANGUAGE, 516 (1966)).  It is "very unusual; exceptional; remarkable."  *Id.*  Some relevant examples include: "illness of the plaintiff's lawyer, a death in that lawyer's immediate family, [or] illness or death of the plaintiff's expert in the days before the filing became necessary."  *Id.* (citation omitted).

Mr. Ruff maintains that his "extraordinary efforts" to obtain a certificate warranted excusal.  He consulted with "five total ophthalmologists" in his unsuccessful search for an expert witness.  But extraordinary effort does not equate to extraordinary cause.  Mr. Ruff's efforts did not prevent him from complying with the statute.  *See Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 559 (Tenn. 2013) (explaining that the facts relied on to demonstrate extraordinary cause must have prevented the plaintiff from complying with the statute).

## C.

Finally, Mr. Ruff contends that the trial court erred in dismissing his constitutional claim.  He maintains that Tennessee Code Annotated § 29-26-122(a) is unconstitutional as applied to pro se parties.  He complains that "licensed attorneys" can satisfy this procedural requirement more easily than pro se parties.  And because the consequence of failure is dismissal with prejudice, represented parties enjoy greater access to Tennessee courts.  As he sees it, enforcement of this requirement against pro se parties violates the equal protection clause of the United States Constitution.  *See* U.S. CONST. amend. XIV, § 1.

The trial court ruled that Mr. Ruff's constitutional claim failed as a matter of law based on a previous decision of this Court. In *Jackson v. HCA Health Services of Tennessee, Inc.*, 383 S.W.3d 497 (Tenn. Ct. App. 2012), we rejected a pro se plaintiff's facial challenge to the constitutionality of this statute. In the absence of a suspect class or a fundamental right, we applied the reasonable basis standard of review. *Id.* at 505; *see also Harrison v. Schrader*, 569 S.W.2d 822, 825 (Tenn. 1978). Because there was a reasonable basis for the statutory classification, we concluded that the statute was constitutional even if it resulted in some inequality. *Jackson v. HCA Health Servs.*, 383 S.W.3d at 505; *see also Harrison*, 569 S.W.2d at 826.

Mr. Ruff contends that the *Jackson* decision does not govern here because he is raising a different type of constitutional challenge. We agree that facial and "as applied" challenges are distinct. *See Waters v. Farr*, 291 S.W.3d 873, 921-23 (Tenn. 2009) (Koch, J., concurring in part and dissenting in part). But here, this is a distinction without a difference. Nothing about Mr. Ruff's particular circumstances raises a constitutional concern. *See id.* at 923 (explaining that an "as applied" challenge "requires courts . . . to analyze the facts of the particular case to determine whether the application of the challenged statute deprived the challenger of a constitutionally protected right" (citation omitted)); *Harrison*, 569 S.W.2d at 825 (reasoning that no fundamental rights are at stake in medical malpractice litigation); *see also Hughes v. Tenn. Bd. of Prob. & Parole*, 514 S.W.3d 707, 720 (Tenn. 2017) (explaining that the right to access Tennessee courts "in and of itself is not a fundamental right for purposes of an equal protection analysis").

Parties who choose to represent themselves in court "assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Many "have no legal training and little familiarity with the judicial system." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). They are "entitled to fair and equal treatment by the courts." *Id.* But they cannot be allowed "to shift the burden of the litigation to the courts or to their adversaries." *Hessmer v. Miranda*, 138 S.W.3d 241, 245 (Tenn. Ct. App. 2003). We "must . . . be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Hessmer v. Hessmer*, 138 S.W.3d at 903. Thus, pro se litigants are not excused "from complying with the same substantive and procedural rules that represented parties are expected to observe." *Id.*

### III.

Mr. Ruff did not state a valid constitutional challenge. And he failed to comply with a mandatory prerequisite in this health care liability action or to demonstrate an acceptable excuse. So we affirm the dismissal.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE