IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 4, 2025

## STATE OF TENNESSEE EX REL. KENNETH DALE DAVENPORT v. FRANK STRADA, EX OFFICIO AS COMMISSIONER ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 25-0118-I     Patricia Head Moskal, Chancellor**

_____

**No. M2025-00570-COA-R3-CV**

_____

An inmate in the custody of the Tennessee Department of Correction petitioned for a writ of mandamus. On its own motion, the trial court dismissed the petition for failure to state a claim upon which relief may be granted. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, P.J., E.S., joined.

Kenneth Dale Davenport, Nashville, Tennessee, pro se appellant.

Jonathan Skrmetti, Attorney General and Reporter, and Benjamin Owen, Assistant Attorney General, for the appellees, Commissioner Frank Strada and the Tennessee Department of Correction.

## OPINION

### I.

Kenneth Davenport is serving a life sentence for first-degree murder with the Tennessee Department of Correction. He petitioned the chancery court for a writ of mandamus, alleging that TDOC incorrectly calculated his sentence by not following the sentencing statutes applicable at the time of his offense. He asked the court to order TDOC to either "cause[] an expiration date to be issued to all inmates similarly situated or . . . to

hold TDOC in contempt of court, and cause [his] immediate release."[1]  Mr. Davenport's affidavit only swore to the following "facts":

> 1.  My name is Kenneth Dale Davenport # 163265 and I am currently incarcerated in the Tennessee Department of Corrections [sic] at Deberry Special Needs Facility 7575 Cockrill Bend Blvd., Nashville, Tn. 37209.
>
> 2.  Respondent Mr. Frank Strada, Commissioner of Tennessee Department of Corrections [sic], et al., has a duty imposed by law, see TCA § 40-35-501(r) to cause a release date and expiration date to [be] imposed on all determinate sentences.

*See* Tenn. Code Ann. § 29-25-101 (2024) (requiring petitions for writs of mandamus to be supported by affidavit).

On its own motion, the chancery court dismissed the petition.  It described the "crux of Davenport's petition [as] appear[ing] to be that TDOC ha[d] not assigned him (and other 'similarly situated' inmates) a sentence expiration date and, possibly, a release eligibility date."  The court first noted that mandamus was an extraordinary remedy to be applied only where there is a clearly established right and no other available means of relief.  It then concluded that the petition and supporting affidavit had "not set forth any facts establishing a 'clear legal right' to his requested relief."  And he had an "'adequate means' of challenging TDOC's sentence calculation" under the Uniform Administrative Procedures Act.

## II.

On appeal, Mr. Davenport frames the issue as "did the trial court abuse its discretion in denying mandamus relief," but as we perceive his argument, Mr. Davenport is challenging the propriety of the dismissal of his petition.  Although the practice is not encouraged, a trial court may dismiss a petition for failure to state a claim upon which relief can be granted on its own motion.  *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975).  In doing so, "the court should construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true."  *Id.*  Just as with a Rule 12.02(6) motion to dismiss for failure to state a claim, the complaint or petition should not be dismissed unless it appears that the plaintiff or, as here, the petitioner can prove no set of facts in support of his claim that would warrant relief.  *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)).  Making such

---

[1] Mr. Davenport also requested appointment of counsel.  The court's denial of that request is not an issue on appeal.  *See Hessmer v. Miranda*, 138 S.W.3d 241, 245 (Tenn. Ct. App. 2003) (observing that, in most instances, "[i]ndigent civil litigants, unlike indigent criminal defendants, possess neither a constitutional nor statutory right to court-appointed assistance").

a determination presents a question of law, which we review de novo. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

Here, Mr. Davenport's claim was for a writ of mandamus. The writ "is an extraordinary remedy that may be issued where a right has been clearly established and 'there is no other plain, adequate, and complete method of obtaining the relief to which one is entitled.'" *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 479 (Tenn. 2004) (quoting *Meighan v. U.S. Sprint Commc'ns Co.*, 942 S.W.2d 476, 479 (Tenn. 1997)). Despite often being "addressed to ministerial acts, rather than discretionary acts, the writ may be addressed to discretionary acts when the act is done in an 'arbitrary and oppressive manner' or where there has been a 'plainly palpable' abuse of discretion." *Meighan*, 942 S.W.2d at 479 (first quoting *State v. Bd. of Educ. of Blount Cnty.*, 121 S.W. 499, 500 (Tenn. 1909) and then quoting *Peerless Const. Co. v. Bass*, 14 S.W.2d 732, 733 (Tenn. 1929)).

The statutory authority referenced by Mr. Davenport in both his petition and affidavit makes TDOC "responsible for calculating the sentence expiration date and the release eligibility date of any felony offender sentenced to [TDOC] . . . for one (1) or more years." Tenn. Code Ann. § 40-35-501(r) (2025). But, although TDOC has the responsibility to make the calculations, the statute does not dictate how this responsibility is to be accomplished. *See Johnson v. Tenn. Dep't of Corr.*, No. M2001-02424-COA-R3-CV, 2003 WL 22794498, at *3 (Tenn. Ct. App. Nov. 25, 2003) (interpreting identical language appearing in the statutes governing the probation and paroles system).[2] Instead, the statute leaves the manner of calculation to TDOC's discretion. *See id.*; *see also Lamb v. State ex rel. Kisabeth*, 338 S.W.2d 584, 586 (Tenn. 1960) (distinguishing between discretionary and ministerial duties).

We agree with the chancery court that Mr. Davenport did not have a clearly established right to the relief he was seeking. TDOC has discretion in how it calculates and communicates sentence expiration and release eligibility dates. *See Johnson*, 2003 WL 22794498, at *3. And the petition does not include factual allegations showing that the calculations of which Mr. Davenport complains were conducted in an arbitrary and oppressive manner or that there was an obvious abuse of discretion. *See Peerless Const. Co.*, 14 S.W.2d at 733.

We also agree that Mr. Davenport has another method for obtaining relief, at least for the calculation of his own sentence expiration and release eligibility dates. If the calculations are incorrect, he could challenge them under the Uniform Administrative Procedures Act. *Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012) (citing *Bonner v. Tenn. Dep't of Corr.*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001) and *Watson v. Tenn. Dep't*

---

[2] Although *Johnson v. Tennessee Department of Correction* cites to Tennessee Code Annotated § 40-28-109 (2003), the context suggests that the citation should be to Tennessee Code Annotated § 40-28-129 (2003). *See* 2003 WL 22794498, at *3 n.5.

*of Corr.*, 970 S.W.2d 494, 497 (Tenn. Ct. App. 1998)); *Ferrell v. State*, No. 01CO1-9610-CR-00454, 1997 WL 578999, at *1 (Tenn. Crim. App. Sept. 19, 1997).

## III.

Because there was no clear right to the relief sought and there was another adequate remedy, the chancery court properly concluded that the petition for writ of mandamus failed to state a claim upon which relief could be granted.  So we affirm the dismissal of the petition and remand the case to the chancery court for whatever further proceedings may be required.

s/ W. Neal McBrayer
W. NEAL McBRAYER, JUDGE

4