FILED
12/22/2022
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 1, 2022

## MUHAMMAD JAVED v. BANO NASIM BAIG

**Appeal from the Circuit Court for Davidson County**
**No. 18D1662   Phillip R. Robinson, Judge**

———————————————————

### No. M2022-00331-COA-R3-CV

———————————————————

This is an appeal from a final order of absolute divorce. The trial court granted the divorce based on a finding that both parties committed inappropriate marital conduct. The wife appeals. We dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KRISTI M. DAVIS, JJ., joined.

Bano Nasim Baig, Antioch, Tennessee, Pro Se.

Cynthia J. Bohn, Nashville, Tennessee, for the appellee, Muhammad Javed.[1]

### MEMORANDUM OPINION[2]

### I.   FACTS & PROCEDURAL HISTORY

Muhammad Javed ("Husband") and Bano Nasim Baig ("Wife") married in Pakistan in July 1998. At some point, they moved to the United States; however, they separated in

---

[1] Mr. Javed did not file an appellate brief in this appeal.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

March 2016.  In October 2018, Husband filed a complaint for divorce.  Husband alleged irreconcilable differences and inappropriate marital conduct as grounds for divorce.  Wife filed an answer and a counter-complaint, which was prepared on behalf of Wife by a limited-assistance attorney.  She admitted that there were irreconcilable differences but denied that she was guilty of inappropriate conduct.  In her counter-complaint, she alleged the following grounds for divorce: irreconcilable differences; inappropriate marital conduct; indignities rendering position intolerable; adultery; and habitual drunkenness or drug use.  Husband filed an answer to Wife's counter-complaint.

Acting pro se, Wife subsequently filed a document with the trial court making several statements and/or allegations.  She stated that she was disabled due to a hearing impairment caused by Husband's physical abuse and that she had difficulty understanding English.  She claimed that Husband had entered into a second marriage in Pakistan in October 2016.  She also claimed that she and her son from a prior marriage were in ongoing litigation in Pakistan involving property which Husband had wrongly seized from them.  Wife proceeded pro se in the trial court for a time but was able to retain counsel on a pro bono basis.  Yet, a language barrier still existed because Wife primarily spoke the Pakistani dialect of Urdu.  In January 2020, the trial court entered an order noting that it would attempt to secure an interpreter for Wife, but she would need to bring her own interpreter in the event there was not one available.

The trial court ultimately held a trial on the matter in 2021.  Following the trial, the court entered a final order of absolute divorce in August 2021.  In its order, the court noted that this case was particularly difficult because of Wife's language barrier and hearing loss.  The court found the proof established that both parties committed inappropriate marital conduct.  Therefore, it granted the divorce based on such conduct pursuant to Tennessee Code Annotated section 36-4-129.  It awarded alimony *in futuro* in the amount of $600.00 per month and child support arrearages for the total amount of $12,355.00 to Wife.  It also awarded Wife a portion of her attorney fees in the amount of $9,250.00 to be paid by Husband finding that she was financially disadvantaged.  Additionally, it ordered Husband to pay the court costs incurred in the matter.

Afterward, Wife filed a motion to alter, amend, or vacate judgment.  She alleged that she was unable to present evidence regarding the ownership of the property in Pakistan.  She also alleged that Husband was guilty of bigamy because he entered into a second marriage in October 2016.  In support of these allegations, she submitted a Special Power of Attorney and a Marriage Certificate with her motion.  After a hearing, the trial court entered an order on Wife's motion.  The court noted its concern regarding the legitimacy of both documents submitted with Wife's motion.  Regardless of these concerns, the trial court concluded that these documents were not newly discovered evidence because the documents were available at the time of the trial.  The court explained that both documents were provided to counsel for Wife, but neither document was introduced into evidence.  Thus, the court denied Wife's motion to alter, amend, or vacate judgment.

Thereafter, Wife timely filed this appeal. Wife moved for this Court to appoint her an attorney who could understand her native language. However, there is no absolute right to counsel in a civil case. Tenn. Sup. Ct. R. 13; *Bell v. Todd*, 206 S.W.3d 86, 92 (Tenn. Ct. App. 2005). Unlike indigent defendants in criminal cases, indigent civil litigants possess neither the constitutional nor the statutory right to appointed counsel.[3] *Hessmer v. Miranda*, 138 S.W.3d 241, 245 (Tenn. Ct. App. 2003). Therefore, we denied Wife's request. Wife moved for reconsideration of her request, which we also denied.

## II. DISCUSSION

At the outset of this discussion, we note that Wife is proceeding pro se in this appeal. In her appellate brief, Wife admits that most of her claims were accepted and decreed in her favor, but she contends that some important matters were ignored by the trial judge. However, we are unable to determine exactly what issues she is attempting to raise on appeal other than that she is unhappy with some portions of the trial court's decision. *See Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014).

This Court has set forth the following standard for reviewing claims of pro se litigants:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).
>
> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers

---

[3] The trial court granted Wife leave to proceed as an indigent person on appeal pursuant to Tennessee Rule of Appellate Procedure 18.

- 3 -

prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. *Irvin v. City of Clarksville*, 767 S.W.2d at 652. Even though the courts cannot create claims or defenses for pro se litigants where none exist, *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994), they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers. *Brown v. City of Manchester*, 722 S.W.2d 394, 397 (Tenn. Ct. App. 1986); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *see Hessmer v. Hessmer*, 138 S.W.3d 901, 903-904 (Tenn. Ct. App. 2003) (setting forth the same standard). We are mindful that Wife is acting pro se in this appeal and that she is not fluent in English. However, we cannot write her brief for her, and we are not able to create arguments or issues where none otherwise are set forth. *Murray*, 457 S.W.3d at 402. Likewise, we will not dig through the record in an attempt to discover arguments or issues that she may have made had she been represented by counsel. *Id.* Doing so would place Husband in a "distinct and likely insurmountable and unfair disadvantage" as this Court would be acting as Wife's attorney. *Id.*

Unfortunately, our ability to conduct proper appellate review here is hindered by Wife's failure to comply with Tennessee Rule of Appellate Procedure 27. Her appellate brief is partially compliant in that it contains a table of contents with references to the pages within. Tenn. R. App. P. 27(a)(1). Additionally, her brief is partially compliant in that it contains most of the appropriate headings required by Tennessee Rule of Appellate Procedure 27(a). However, the remaining contents of her brief do not comply with Rule 27(a). Her brief contains no table of authorities, and she does not cite to any legal authority in her brief. Tenn. R. App. P. 27(a)(2) (stating that the table of authorities section should include cases, statutes, and other authorities cited). Her "Statement of Facts" and "Statement of Issues" sections are her argument, and, therefore, her brief does not contain a section setting forth the facts or a section concisely setting forth her issues presented for review. She requests that this Court treat those sections as her argument. Recognizing the absence of any legal argument, Wife also states, "petitioner is unaware about section of Law, so Court by itself set and put sections of law as there is needed for just decision of case."

This is "clearly in violation of Rule 27." *Reliant Bank v. Bush*, 631 S.W.3d 1, 7 (Tenn. Ct. App. 2021); *see* Tenn. R. App. P. 27(a) (stating that each requirement should be

"under appropriate headings"). In addition, she does not make appropriate references to the record. Tenn. R. App. P. 27(a)(6) and (7)(A) (stating that the statement of facts and argument section should contain "appropriate references to the record"). Instead, it appears she makes references to the pleadings, orders, and other documents she included in her appendix. Her contentions are also "unsupported by any relevant legal authority . . . ." *Reliant Bank*, 631 S.W.3d at 7. Moreover, her brief is written in broken English, which we do not hold against her, but it has made it difficult for this Court to decipher her issues and arguments on appeal.[4]

We have previously held that such substantial failure to comply with Rule 27 is grounds for dismissal of an appeal. *See, e.g., Breeden v. Garland*, No. E2020-00629-COA-R3-CV, 2020 WL 6285300, at *1 (Tenn. Ct. App. Oct. 27, 2020) ("The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27. Accordingly, we find that any issues on appeal are waived and we dismiss the appeal."); *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *4 (Tenn. Ct. App. July 5, 2017) ("Although we are mindful of [her] pro se status and have attempted to give her the benefit of the doubt when possible, we cannot write her brief for her nor can we create arguments or issues for her where her brief fails to contain any coherent argument. Based upon [her] failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that [she] has waived any issues raised, and the appeal should be dismissed."). Although we acknowledge Wife's attempts to proceed pro se, we simply cannot properly review this appeal given the state of the briefing. Accordingly, we conclude that this appeal should be dismissed for failure to comply with Rule 27.

## III.   CONCLUSION

For the aforementioned reasons, this appeal is dismissed. Costs of this appeal are taxed to the appellant, Bano Nasim Baig, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[4] The only issue we can gather that she has raised is found in the conclusion of her brief, which is a request that this Court "complete the power of attorney." However, this Special Power of Attorney which she refers to was available at the time of the trial and was not introduced into evidence; instead, it was submitted after the trial as newly discovered evidence in support of her her motion to alter, amend, or vacate judgment. We note that Wife was represented by counsel at the time of the trial and at the time she filed her post-trial motion.